IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES HEFLEBOWER,<br><br>　　　　Plaintiff,<br>　　v.<br><br>JP MORGAN CHASE BANK, NA;<br>CHASE HOME FINANCE LLC;<br>WASHINGTON MUTUAL BANK FA;<br>TITLE TRUST DEED SERVICE<br>COMPANY; and DOES 1-20 inclusive,<br><br>　　　　Defendants. | 1:12-CV-1671 AWI-SMS<br><br>ORDER ON PLAINTIFF'S<br>APPLICATION FOR<br>TEMPORARY RESTRAINING<br>ORDER AND ORDER TO<br>SHOW CAUSE RE<br>PRELIMINARY INJUNCTION<br><br>(Doc. No. 4) |

　　　　This case stems from a deed of trust obtained by Plaintiff John Charles Heflebower ("Plaintiff") from Defendant Washington Mutual Bank, FA ("WAMU"). The deed of trust is secured by real property located in Fresno, California ("Subject Property"). Plaintiff alleges causes of action for 1) declaratory relief; 2) injunctive relief; 3) accounting; 4) quiet title; 5) breach of implied covenant of good faith and fair dealing; 6) breach of fiduciary duty; 7) unjust enrichment; 8) wrongful foreclosure and to avoid or cancel the deed of trust; 9) negligence and negligence per se; 10) unconscionability; and 11) violation of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. Currently pending before the Court is Plaintiff's *ex parte* application for a temporary restraining order. For the reasons that follow, the Court will deny Plaintiff's application without prejudice.

## ALLEGATIONS & BACKGROUND

From the verified complaint, Plaintiff contends that on or about January 13, 2006, he obtained a loan in the amount of $407,000.00 from WAMU, secured by the Subject Property. The loan was evidenced with a promissory note. On the same date, Plaintiff also executed a deed of trust in favor of WAMU, which identified Plaintiff as the borrower, WAMU as the lender, and California Reconveyance as the trustee. The deed of trust was recorded in the office of the Fresno County Recorder.

On September 25, 2008, the United States Office of Thrift Supervision seized WAMU and placed it into the receivership of the Federal Deposit Insurance Corporation, which then sold many of WAMU's assets, allegedly including Plaintiff's loan, to Defendant JP Morgan Chase Bank, NA ("Chase").

On or about October 18, 2011, Plaintiff made multiple requests to Defendant Chase Home Finance, LLC ("Chase HF"), the purported servicer of Plaintiff's loan, for proof of their claim to an ownership interest in the Subject Property. Chase HF neither responded to nor acknowledged those requests.

On November 9, 2011, Chase executed a declaration of compliance stating under penalty of perjury that it had:

> tried with due diligence to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5. Thirty days or more have elapsed since these due diligence efforts were completed.

*See* Compl., Ex. I. Despite this claim, Plaintiff states that Chase failed to use due diligence to contact him as required by California Civil Code § 2923.5.

On or about January 10, 2012, Chase had Defendant Title Trust Deed Service Company ("Title Trust Deed") execute a Notice of Default and Election to Sell Under Deed of Trust. Four months later, on or about May 11, 2012, Chase executed a Substitution of Trustee purporting to appoint Title Trust Deed as trustee under the deed of trust in place of California Reconveyance. Title Trust Deed failed to record the notice of default as required by California Civil Code §§ 2923.5(a)(1), (2), for publishing and posting. Title Trust Deed failed to notify Plaintiff in person

or by telephone in order to assess Plaintiff's financial position and explore options that would avoid foreclosure. Title Trust Deed failed to advise Plaintiff that he had a right to request a subsequent meeting, and did not provide Plaintiff with the telephone number to the United States Department of Housing and Urban Development ("HUD") to identify a HUD-certified housing counseling agency as required by California Civil Code § 2923.5.

On or about June 13, 2012, Title Trust Deed executed and issued a Notice of Trustee's Sale. The Assessor's Parcel Number ("APN") in the grant deed is different than the APN listed in the Notice of Trustee's Sale.[1] *See* Compl. Exs. M, N. The Notice of Trustee's Sale states that the Subject Property was to be auctioned on July 9, 2012. *See id.*, Ex. N. It appears the public auction was postponed and is now set for November 13, 2012.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(b), a court may issue an *ex parte* temporary restraining order only if: (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. Pro. 65(b); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006). Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are granted *ex parte* are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974); McCord, 452 F.3d at 1131.

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co.,

---

[1] The correct APN for the Subject Property is 311-100-36. The APN listed in the Notice of Trustee's Sale is 510-110-36.

887 F.Supp. 1320, 1323 (N.D. Cal. 1995); see also Welker v. Cicerone, 174 F.Supp.2d 1055, 1062 (C.D. Cal. 2001).  A plaintiff seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011). "Injunctive relief . . . must be tailored to remedy the specific harm alleged."  Park Vill., 636 F.3d at 1160.

## DISCUSSION

A temporary restraining order is not warranted.  Rule 65(b) provides that a temporary restraining order may issue on an *ex parte* basis "*only if* . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B).  Plaintiff, who is acting *pro se*, has neither documented any efforts to give notice to Defendants in this case, nor has he provided any reasons why notice should not be required.  Plaintiff's application suggests Plaintiff first received the Notice of Trustee's Sale on or about June 13, 2012, setting the sale for July 9, 2012.  It is not clear to the Court when or why the trustee's sale was postponed until November 13, 2012.  Given these facts, Plaintiff has not demonstrated that he had insufficient time between June 13, 2012, and October 30, 2012, when this application was filed, to give notice to Defendants that he planned to seek relief from the Court on an *ex parte* basis.

Further, Plaintiff has not shown a likelihood of success on the merits sufficient to form the basis for a temporary restraining order or preliminary injunction.   It appears that Plaintiff is relying on three different grounds for relief.  First, to the extent Plaintiff relies on his claim for violation of California Civil Code § 2923.5(a), that section requires that 30 days before a notice of default is filed, the mortgagee, beneficiary, or authorized agent "shall contact the buyer in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Cal. Civ. Code. § 2923.5(a); Argueta v. J.P. Morgan

Chase, 787 F. Supp. 2d 1099, 1107 (E.D. Cal. 2011); Paik v. Wells Fargo Bank, N.A., No. C 10-04016, 2011 WL 109482 at *3 (N.D. Cal. Jan. 13, 2011); Mabry v. Superior Ct., 185 Cal.App.4th 208, 220 & n.6 (2010). However, courts have held that § 2923.5(a) does not require actual contact with the borrower, but rather that the mortgagee or beneficiary has satisfied the due diligence requirement of § 2923.5(g). *See* Argueta, 787 F. Supp.2d at 1107. Plaintiff's only allegations appear to be that Chase failed to contact him. This is insufficient to state a claim for violation of § 2923.5(a). Plaintiff must allege facts tending to rebut Chase's declaration that it had tried with due diligence to contact Plaintiff. A mortgagee or beneficiary has satisfied the due diligence requirement if it was not able to contact the borrower after (1) mailing a letter containing certain information; (2) then calling the borrower "by telephone at least three times at different hours and on different days"; (3) mailing a certified letter, with return receipt requested, if the borrower does not call back within two weeks; (4) providing a telephone number to a live representative during business hours; and (5) posting a link on the homepage of its Internet Web site with certain information. Cal Civ. Code § 2923.5(g). Thus, Plaintiff must allege via declaration that, for example, he never received a certified letter, or never received any telephone calls or messages from Chase.

Second, to the extent Plaintiff alleges the foreclosure sale should be stalled because Chase cannot prove its ownership in the note through endorsement on the deed of trust or any recorded interest, this is alleged on information and belief, but Plaintiff has not indicated any facts on which this belief is founded. Pleading based on information and belief is insufficient in a complaint. *See Shroyer v. New Cingular Wireless Serv., Inc.,* 622 F.3d 1035, 1042 (9th Cir. 2010) ("Claims made on information and belief are not usually sufficiently particular, unless they accompany a statement of facts on which the belief is founded.").

Third, Plaintiff's claim that the foreclosure sale should be stalled because Trustee Trust Deed executed the Notice of Default before Chase executed the Substitution of Trustee appointing, Title Trust Deed, the facts alleged suggest that Title Trust Deed was acting as Chase's agent when it executed the Notice of Default.

5

Finally, Plaintiff has cited no case or statutory law supporting his contention that the incorrect APN on the Notice of Trustee's Sale invalidates the notice, or requires postponing the sale.

The Court will therefore deny Plaintiff's application for *ex parte* relief without prejudice to Plaintiff's filing a second *ex parte* application for relief that fully complies with the terms of Rule 65(b) and this Order.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for a temporary restraining order and order to show cause re: preliminary injunction is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   November 2, 2012

UNITED STATES DISTRICT JUDGE