IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN CHARLES HEFLEBOWER, | ) | 1:12-CV-1671 AWI-SMS |
| | ) | |
| Plaintiff, | ) | ORDER ON PLAINTIFF'S |
| v. | ) | RENEWED APPLICATION |
| | ) | FOR TEMPORARY |
| JP MORGAN CHASE BANK, NA; | ) | RESTRAINING ORDER AND |
| CHASE HOME FINANCE LLC; | ) | ORDER TO SHOW CAUSE RE |
| WASHINGTON MUTUAL BANK FA; | ) | PRELIMINARY INJUNCTION |
| TITLE TRUST DEED SERVICE | ) | |
| COMPANY; and DOES 1-20 inclusive, | ) | (Doc. No. 6) |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case stems from a deed of trust obtained by Plaintiff John Charles Heflebower ("Plaintiff") from Defendant Washington Mutual Bank, FA ("WAMU"). The deed of trust is secured by real property located in Fresno, California ("Subject Property"). Plaintiff alleges causes of action for 1) declaratory relief; 2) injunctive relief; 3) accounting; 4) quiet title; 5) breach of implied covenant of good faith and fair dealing; 6) breach of fiduciary duty; 7) unjust enrichment; 8) wrongful foreclosure and to avoid or cancel the deed of trust; 9) negligence and negligence per se; 10) unconscionability; and 11) violation of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. Currently pending before the Court is Plaintiff's renewed application for a temporary restraining order. For the reasons that follow, the Court will grant Plaintiff's application and set a briefing schedule for a preliminary injunction.

## ALLEGATIONS & BACKGROUND

From the verified complaint, Plaintiff contends that on or about January 13, 2006, he obtained a loan in the amount of $407,000.00 from WAMU, secured by the Subject Property.

The loan was evidenced with a promissory note. On the same date, Plaintiff also executed a deed of trust in favor of WAMU, which identified Plaintiff as the borrower, WAMU as the lender, and California Reconveyance as the trustee.  The deed of trust was recorded in the office of the Fresno County Recorder.

On September 25, 2008, the United States Office of Thrift Supervision seized WAMU and placed it into the receivership of the Federal Deposit Insurance Corporation, which then sold many of WAMU's assets, allegedly including Plaintiff's loan, to Defendant JP Morgan Chase Bank, NA ("Chase").

Beginning on or about October 18, 2011, Plaintiff sent Defendant Chase Home Finance, LLC ("Chase HF"), the purported servicer of Plaintiff's loan, multiple requests for proof of its claim to an ownership interest in the Subject Property.  Chase HF neither responded to nor acknowledged those requests.

On November 9, 2011, Chase executed a declaration of compliance stating under penalty of perjury that it had:

> tried with due diligence to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5.  Thirty days or more have elapsed since these due diligence efforts were completed.

*See* Compl., Ex. I. Despite this claim, Plaintiff states that Chase failed to use due diligence to contact him as required by California Civil Code § 2923.5.

On or about January 10, 2012, Chase had Defendant Title Trust Deed Service Company ("Title Trust Deed") execute a Notice of Default and Election to Sell Under Deed of Trust.  Four months later, on or about May 11, 2012, Chase executed a Substitution of Trustee purporting to appoint Title Trust Deed as trustee under the deed of trust in place of California Reconveyance. Title Trust Deed failed to record the notice of default as required by California Civil Code §§ 2923.5(a)(1), (2), for publishing and posting.  Title Trust Deed failed to notify Plaintiff in person or by telephone prior to recording the notice of default in order to assess Plaintiff's financial position and explore options that would avoid foreclosure.  Title Trust Deed failed to advise Plaintiff that he had a right to request a subsequent meeting, and did not provide Plaintiff with

Case 1:12-cv-01671-AWI-SMS   Document 8   Filed 11/09/12   Page 3 of 7


the telephone number to the United States Department of Housing and Urban Development ("HUD") to identify a HUD-certified housing counseling agency as required by California Civil Code § 2923.5.

On or about June 13, 2012, Title Trust Deed executed and issued a Notice of Trustee's Sale.  The Notice of Trustee's Sale states that the Subject Property was to be auctioned on July 9, 2012.  *See id.*, Ex. N.  It appears the public auction was postponed at least once and is now set for November 13, 2012.

Plaintiff filed this lawsuit on October 12, 2012.  On October 30, 2012, Plaintiff filed an *ex parte* application for temporary restraining order and order to show cause.  *See* Court's Docket, Doc. No. 4.  On November 2, 2012, the Court denied Plaintiff's application for failure to comply with Federal Rule of Procedure 65(b), and for failure to show a likelihood of success on the merits.  *See id.*, Doc. No. 5.  On November 8, 2012, Plaintiff filed the instant renewed application for temporary restraining order.  *See id.*, Doc. No. 6.  Plaintiff also filed a declaration and proof of service stating that notice of the renewed application was sent to Defendants by United States mail, overnight delivery.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(b), a court may issue an *ex parte* temporary restraining order only if:  (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  Fed. R. Civ. Pro. 65(b); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are granted *ex parte* are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39 (1974); *McCord,* 452 F.3d at 1131.

1    The substantive standard for granting a temporary restraining order is the same as the

2    standard for entering a preliminary injunction.  *Bronco Wine Co. v. U.S. Dep't of Treasury*, 997

3    F.Supp. 1309, 1313 (E.D. Cal. 1996); *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887

4    F.Supp. 1320, 1323 (N.D. Cal. 1995); *see also Welker v. Cicerone*, 174 F.Supp.2d 1055, 1062

5    (C.D. Cal. 2001).  A plaintiff seeking a preliminary injunction must establish: (1) that he is likely

6    to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of

7    preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in

8    the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008); *Park

9    Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011).

10   "Injunctive relief . . . must be tailored to remedy the specific harm alleged."  *Park Vill.*, 636 F.3d

11   at 1160.

12                                    **DISCUSSION**

13       A temporary restraining order is warranted. First, Plaintiff has shown a likelihood of

14   success on his claim for wrongful foreclosure under California Civil Code § 2923.5(a).  Section

15   2923.5(a) requires that, 30 days before a notice of default is filed, the mortgagee, beneficiary, or

16   authorized agent "shall contact the buyer in person or by telephone in order to assess the

17   borrower's financial situation and explore options for the borrower to avoid foreclosure."  Cal.

18   Civ. Code. § 2923.5(a); *Argueta v. J.P. Morgan Chase*, 787 F. Supp. 2d 1099, 1107 (E.D. Cal.

19   2011); *Paik v. Wells Fargo Bank, N.A.*, No. C 10-04016, 2011 WL 109482 at *3 (N.D. Cal. Jan.

20   13, 2011); *Mabry v. Superior Ct.*, 185 Cal.App.4th 208, 220 & n.6 (2010).  The remedy for a

21   violation of § 2923.5 is postponement of the foreclosure sale until there has been compliance

22   with the statute.  *Argueta*, 787 F. Supp. 2d at 1107; *Paik*, 2011 WL 109482 at *3; *Mabry*, 185

23   Cal.App.4th at 223.  Courts have held that § 2923.5(a) does not require actual contact with the

24   borrower, but rather that the mortgagee or beneficiary has satisfied the due diligence requirement

25   of § 2923.5(g).  *See Argueta,* 787 F. Supp.2d at 1107.  A mortgagee or beneficiary has satisfied

26   the due diligence requirement if it was not able to contact the borrower after (1) mailing a letter

27   containing certain information; (2) then calling the borrower "by telephone at least three times at

28

                                              4

1   different hours and on different days"; (3) mailing a certified letter, with return receipt requested,

2   if the borrower does not call back within two weeks; (4) providing a telephone number to a live

3   representative during business hours; and (5) posting a link on the homepage of its Internet Web

4   site with certain information.  Cal. Civ. Code § 2923.5(g).  Although Chase's November 9, 2011

5   declaration of compliance states that it "tried with due diligence to contact the borrower," the

6   facts set forth in Plaintiff's declaration suggest that § 2923.5(a) was not followed.[1]

7            Second, without the TRO, Plaintiff would suffer irreparable harm.  As stated above, the

8   remedy for a violation of § 2923.5 is postponement of the foreclosure sale.  However, once a

9   foreclosure sale occurs, there is no relief available under § 2923.5.  *See Mehta v. Wells Fargo*

10  *Bank, N.A.*, 737 F.Supp.2d 1185, 1194 (S.D. Cal. 2010).  Further, because a violation of § 2923.5

11  does not place a cloud on the title, *see Mabry*, 189 Cal.App.4th at 223, the possible loss of

12  Plaintiff's right to the Property would not be reparable.  *See Washington v. National City Mortg.*

13  *Co.*, No. C 10-5042 SBA, 2010 WL 5211506, at * 5 (N.D. Cal. Dec. 16, 2010) ("The loss of

14  one's home through foreclosure generally is considered sufficient to establish irreparable

15  harm.").  Plaintiff has sufficiently demonstrated irreparable harm.

16           Third, with respect to the balancing of the equities and the public interest, the

17  Defendants' interests are secured by the deed of trust.  Further, the Court will order that a

18  security be filed to protect the Defendants from any damages that might be sustained as a result

19  of the temporary restraining order.  *See* Fed. R. Civ. Pro. 65(c).  Also, given the showing that has

20  been made, and given that the remedy is postponement of the foreclosure sale, it appears that

21  Defendants failed to comply with their legal obligations under § 2923.5(a), and that failure must

22  be cured before any foreclosure sale can proceed.  *See Paik,* 2011 WL 109482 at *3.

23           Finally, because the trustee's sale is set to occur on November 13, 2012, at 10:30 a.m.,

24

25           [1] As discussed in this Court's November 2, 2012 Order, Plaintiff also alleges on
    information and belief that Title Trust Deed was not acting as Chase's agent when it executed the
26  notice of default, and that there has never been a principal-agent relationship between Chase and
    Title Trust Deed.  At this time, Plaintiff has made an insufficient showing in his temporary
27  restraining order application regarding these claims.  In light of the likelihood of success
    demonstrated in connection with the § 2923.5 claim, however, the Court need not address the
28  issue at this time.

                                                    5

the Court does not believe that further notice, beyond the certificate of service filed by Plaintiff, is practicable.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for a temporary restraining order is GRANTED;

2.      Defendants are RESTRAINED from proceeding with the Trustee's Sale, currently set for November 13, 2012, at 10:30 a.m., of the property located at 5803 W. Shaw Avenue, Fresno, California 93722, until further order of the Court;

3.      Defendants shall appear on November 21, 2012, at 1:30 p.m. in Courtroom No. 2 and SHOW CAUSE why a Preliminary Injunction should not be granted that restrains and enjoins Defendants from proceeding with a Trustee's Sale of the property located at 5803 W. Shaw Avenue, Fresno, California;

4.      Defendants shall file any opposition to Plaintiff's motion for preliminary injunction on or by 3:00 p.m. on November 15, 2012;

5.      Plaintiff shall file any reply on or by 5:00 p.m. on November 19, 2012;

6.      Due to the Court holiday on November 12, 2012, Plaintiff shall file a security in the amount of $1,500.00 (one thousand five hundred dollars) no later than 3:30 p.m. on November 13, 2012;

7.      Should Plaintiff fail to timely file the above security, then Plaintiff's motion for temporary restraining order SHALL BE DISSOLVED and Defendants will be under no restraint from proceeding with a Trustee's Sale; and

8.      Plaintiff shall forward a copy of this Order to Defendants immediately, and shall file with the Court a certificate of service of this order on Defendants.

IT IS SO ORDERED.

Dated:    November 9, 2012

_____
UNITED STATES DISTRICT JUDGE

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28