IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES HEFLEBOWER,<br><br>　　　　Plaintiff,<br>　　v.<br><br>JP MORGAN CHASE BANK, NA;<br>CHASE HOME FINANCE LLC;<br>WASHINGTON MUTUAL BANK FA;<br>TITLE TRUST DEED SERVICE<br>COMPANY; and DOES 1-20 inclusive,<br><br>　　　　Defendants. | 1:12-CV-1671 AWI-SMS<br><br>ORDER VACATING<br>NOVEMBER 21, 2012<br>HEARING AND GRANTING<br>PRELIMINARY INJUNCTION<br><br>(Doc. No. 6) |

　　　Plaintiff John Charles Heflebower ("Plaintiff") seeks a preliminary injunction prohibiting the foreclosure sale of real property located at 5803 W. Shaw Ave., Fresno, CA 93722 (the "Subject Property") by Defendants Title Trust Deed Service Company ("TTDSC"), and JP Morgan Chase Bank, NA ("Chase"), as successor by merger to Chase Home Finance LLC, and as an acquirer of certain assets and liabilities of Washington Mutual Bank, FA, (collectively, "Defendants").[1] This court previously granted a Temporary Restraining Order sought by Plaintiff postponing the sale of the property scheduled for November 13, 2012, and ordered Defendants to show cause why a preliminary injunction should not issue. *See* Court's Docket, Doc. No. 8.

---

[1] Though not styled as an application for preliminary injunction, the Court will construe Plaintiff's "Emergency Application" (Court's Docket, Doc. No. 6) as a request for both a temporary restraining order and preliminary injunction.

Defendants have filed an Opposition[2] and Plaintiff has filed a Reply. *See id.* Doc. Nos. 12, 14. After reviewing these documents, the court has determined that a hearing is unnecessary. For the reasons that follow, the court will vacate the November 21, 2012 hearing date and grant the preliminary injunction.

## ALLEGATIONS & BACKGROUND

Plaintiff's complaint in this matter alleges various claims for relief arising from a mortgage loan transaction related to the Subject Property. On or about January 13, 2006, Plaintiff obtained a loan in the amount of $407,000 from Washington Mutual Bank, FA ("WAMU"), secured by the Subject Property. The loan was evidenced with promissory note. Plaintiff also executed a Deed of Trust in favor of WAMU, which identified Plaintiff as the borrower, WAMU as the lender, and California Reconveyance Company as the trustee. *See* RJN, Ex. 1.

On September 25, 2008, the United States Office of Thrift Supervision closed WAMU and appointed the FDIC receiver. That same day, Chase acquired certain WAMU assets and liabilities by entering into a Purchase & Assumption Agreement with the FDIC. WAMU's interest in the Subject Property was among the WAMU assets acquired by Chase through the agreement. *See* RJN, Ex. 2.

Beginning on or about October 18, 2011, Plaintiff alleges he sent Chase Home Finance LLC, the purported servicer of Plaintiff's loan, multiple requests for proof of its claim to an

---

[2] As part of their opposition to a preliminary injunction, Defendants have filed a Request for Judicial Notice ("RJN"). *See* Doc. No. 1. The RJN documents are (1) a copy of the Deed of Trust encumbering the Subject Property, recorded on January 25, 2006 with the Fresno County Recorder's Office; (2) a copy of the Purchase & Assumption Agreement between Washington Mutual, FA and JP Morgan Chase Bank, N.A., with the Federal Deposit Insurance Commission acting as receiver, dated September 25, 2008; (3) a copy of the Notice of Default in connection the Deed of Trust recorded on January 12, 2012 with the Fresno County Recorder's Office; (4) a copy of the Substitution of Trustee in connection with the Deed of Trust recorded on June 18, 2012 with the Fresno County Recorder's Office; and (5) a copy of the Notice of Trustee's Sale in connection with the Notice of Default recorded on June 18, 2012 with the Fresno County Recorder's Office. These documents may be judicially noticed as public records or documents that are not subject to reasonable dispute. *See* Fed.R.Evid. 201; *Botelho v. U.S. Bank, N.A.,* 692 F.Supp.2d 1174, 1178 (N.D.Cal.2010); *Molina v. Wash. Mut. Bank,* 2010 WL 431439 (S.D.Cal. Jan. 29, 2010); *Allen v. United Fin. Mortg. Corp.,* 660 F.Supp.2d 1089, 1093-94 (N.D.Cal.2009). The court grants Defendants' RJN. *See id.*

ownership interest in the Subject Property.  Plaintiff alleges Chase Home Finance LLC never responded to nor acknowledged those requests.  On January 12, 2012, TTDSC recorded a Notice of Default in connection with the Deed of Trust.  *See* RJN, Ex. 3.  As of January 10, 2012, the amount owed under Plaintiff's loan and Deed of Trust was $19,765.74.  *Id.*  The Notice of Default attached a Declaration of Compliance executed by Chase on November 9, 2011, stating that "[t]he mortgagee, beneficiary, or authorized agent tried with due diligence, but was unable to contact the borrower to avoid foreclosure as required by Cal. Civil Code. Section 2923.5."  *Id*.  However, it was not until May 11, 2012, that Chase executed a Substitution of Trustee substituting TTDSC as trustee in connection with the Deed of Trust.  *See* RJN, Ex. 4.

On June 18, 2012, TTDSC recorded a  Notice of Trustee's Sale concerning the Subject Property in the Fresno County Recorder's Office.  *See* RJN, Ex. 5.  The amount of the unpaid balance and other charges due under the loan and Deed of Trust at the time of recordation of the Notice of Trustee's Sale was estimated at $449,436.64.  *Id.*

Plaintiff alleges TTDSC failed to notify him in person or by telephone prior to recording the Notice of Default in order to assess Plaintiff's financial position and explore options for avoiding foreclosure.  Plaintiff further alleges he never received a certified letter or any telephone calls from Chase regarding his options for avoiding foreclosure.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65(a) governs the issuance of preliminary injunctions.  A plaintiff seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008); *Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150, 1160 (9th Cir. 2011).  A moving party must make each of these showings to be entitled to injunctive relief.  *South Fork Bank Council of W. Shoshone v. United States DOI,* 588 F.3d 718, 721 (9th Cir. 2010). Without a sufficient showing of a likelihood of success on the merits, a preliminary injunction cannot issue.

*See Gonzales v. Dep't of Homeland Security,* 508 F.3d 1227, 1242 (9th Cir.2009); *First Brands Corp. v. Fred Meyer, Inc.,* 809 F.2d 1378, 1385 (9th Cir.1987). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter,* 555 U.S. at 24 (internal citations omitted).

## DISCUSSION

### A.      Likelihood of Success on the Merits

#### 1.            California Civil Code § 2923.5

The court granted a Temporary Restraining Order in this case based on Plaintiff's showing of a likelihood of success on his claim for violation of California Civil Code § 2923.5. A Notice of Default for the Subject Property was recorded on January 12, 2012. Plaintiff claims that he was not contacted prior to the recording of the Notice of Default as required by Cal. Civ. Code § 2329.5, and that he is entitled to have the foreclosure sale postponed. A mortgagee, trustee, beneficiary, or authorized agent to who wishes to file a notice of default must "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," at least thirty days before filing the default notice. Cal. Civ.Code § 2923.5(a). A notice of default may be filed without prior contact if there was due diligence to contact the borrower by telephone, certified mail, or other means specified in the statute. Cal Civ.Code 2923.5(g). The only remedy for violation of this statute is postponement of the scheduled foreclosure until there is compliance by the foreclosing party. *See Mabry v. Superior Court,* 185 Cal.App.4th 208, 231, 110 Cal.Rptr.3d 201 (Cal. App. 2010) .

In this case, Plaintiff states that he was never contacted by Defendants to discuss his options for avoiding foreclosure prior to the recording of the Notice of Default. Plaintiff states that he made several attempts to contact Chase regarding the ownership of his loan, but those

4

requests for information were never acknowledged. Plaintiff further states that he never received a telephone call, message, or certified letter from Chase prior to recordation of the Notice of Default. *See* Pl.'s Decl. ¶¶ 4-5.

Defendants maintain that Chase's Declaration of Compliance with § 2923.5, which was attached to the Notice of Default, is sufficient to prove compliance with § 2923.5. Defendants rely on *Mabry v. Superior Court*, in support of their contention that a declaration tracking the language of the statute satisfies the requirements of § 2923.5. However, the *Mabry* court did not hold that the declaration at issue was conclusive evidence that the requirements of § 2923.5 had been met. *Mabry*, 185 Cal. App. at 235, 110 Cal.Rptr.3d 201. Rather, because the parties in that case presented different factual stories regarding compliance, the *Mabry* court remanded the case for an evidentiary hearing on whether the defendant lender had in fact complied with § 2923.5. *Id.* at 235–36, 110 Cal.Rptr.3d 201.

Here, the Court finds that Plaintiff's declaration filed with the application for temporary restraining order, together with the verified complaint, state facts sufficient for the court to conclude that Plaintiff is likely to succeed on the merits of his § 2923.5 claim.

**2. Notice of Default and Substitution of Trustee**

As an additional ground for injunctive relief,[3] Plaintiff argues that TTDSC was not acting

---

[3] In his Reply, Plaintiff also raises a new argument that Chase "has no connection with any loan secured by Plaintiff's property" because the Purchase & Assumption Agreement between Chase and the FDIC does not mention Plaintiff's loan specifically. While Defendants did not have the opportunity to address this argument in their Opposition, California courts have rejected Plaintiff's theory, finding that:

> The mere fact that the FDIC contract did not contain a listing of each individual loan or deed of trust did not negate the broad and inclusive language of the agreement itself, assigning all such loans to Chase. Nor does the fact the loan was subsequently securitized deprive Washington Mutual of the ownership necessary to support assignment of the loan and deed of trust to Chase under the terms of the FDIC agreement.

*Knopp v. JP Morgan Chase Bank N.A.*, 2012 WL2838736, *3 (Cal. App. July 11, 2012)

as Chase's agent when it executed the Notice of Default because Chase did not record the Notice of Substitution substituting TTDSC as trustee until after the Notice of Default was recorded. Therefore, Plaintiff argues, the Notice of Default is invalid. Defendants contend that the fact that the substitution occurred after the execution of the Notice of Default does not affect the validity of the Notice of Default. California Civil Code § 2934a(b) provides:

> If the substitution is effected after a notice of default has been recorded but prior to the recording of the notice of sale, the beneficiary or beneficiaries shall cause a copy of the substitution to be mailed, prior to the recording thereof, in the manner provided in Section 2924b, to the trustee then of record and to all persons to whom a copy of the notice of default would be required to be mailed by the provisions of Section 2924b. An affidavit shall be attached to the substitution that notice has been given to those persons and in the manner required by this subdivision.

*See* Cal. Civ. Code § 2934a(b). In this case, the Notice of Substitution was recorded after the Notice of Default, but before the Notice of Trustee's Sale. In compliance with § 2934a(b), Chase executed an affidavit of mailing and attached it to the Notice of Substitution. *See* RJN, Ex. 4. However, Plaintiff alleges TTDSC failed to provide copies of the Notice of Default and Substitution of Trustee after recording them. Without concluding whether or not Plaintiff is likely to succeed on these claims, the court notes that if the foreclosure is postponed until after Defendants comply with § 2923.5, as discussed below, these claims will become moot. The entity issuing the Notice of Default has now been substituted as the trustee, and may file a Notice of Default once compliance with § 2923.5 is established.

### C.    Irreparable Harm

If the court does not issue a preliminary injunction, Plaintiff's home is likely to be sold at a trustee's sale. The loss of real property, because it is unique, is an irreparable harm. *See, e.g. Sundance Land Corp. V. Community First Federal Sav. and Loan Ass'n.,* 840 F.2d 653 (9th

---

(citing *Robinson v. Countrywide Home Loans, Inc.,* 199 Cal.App.4th 42, 46 (Cal. App. 2011); *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th 1149 (Cal. App. 2011)). Thus, Plaintiff cannot show a likelihood of success on this theory.

Cir.1988).  Once the property is sold, Plaintiff will be unable to vindicate his rights under § 2923.5.  In this case, Plaintiff has made the requisite showing of risk of irreparable harm.

### D.     Balance of Equities

The court finds that postponing the foreclosure sale until Defendants comply with § 2923.5 is not an undue hardship, especially when compared with Plaintiff's risk of losing his real property in a foreclosure sale.  Thus, the court finds the balance of equities tips in favor of the Plaintiff.

### E.     The Public Interest

It is in the public interest to require lenders to comply with the California statutes enacted to protect borrowers from unnecessary foreclosures. The court finds, therefore, that the public interest weighs in favor of granting Plaintiff's preliminary injunction.

### F.     Undertaking

Defendants request that Plaintiff be required to post an undertaking of no less than $26,658.48 to account for the reasonable rent for the Subject Property for six months, plus attorneys' fees to conduct discovery and set this matter for a dispositive motion.  However, because the preliminary injunction shall be in effect only for as long as it takes Defendants to comply with the requirements of  § 2923.5, the court finds that Defendants' interests are sufficiently protected by the deed of trust, along with the $1,500 security already filed by Plaintiff in connection with the Temporary Restraining Order.

## CONCLUSION & ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.     The hearing previously set for November 21, 2012, is hereby VACATED;
2.     Plaintiff's application for a preliminary injunction, is GRANTED;
3.     Defendants are ENJOINED from proceeding with the foreclosure sale of the Subject Property until further order from this court;

4.  After Defendants have complied with Cal. Civ.Code § 2923.5, they SHALL file a declaration with this court stating that they have done so and describing the manner in which they have contacted or attempted to contact Plaintiff. This declaration SHALL be filed prior to or concurrent with any motion to terminate the preliminary injunction.

IT IS SO ORDERED.

Dated:   November 20, 2012

UNITED STATES DISTRICT JUDGE