UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES HEFLEBOWER, | CASE NO. 1:12-cv-01671-AWI-SMS |
| Plaintiff, | |
| v. | ORDER STRIKING PLAINTIFF'S AMENDED COMPLAINT |
| J.P. MORGAN CHASE BANK, N.A., *et al.*, | |
| | (Doc. 18) |
| Defendants. | |

On February 1, 2013, Plaintiff John Charles Heflebower, proceeding *pro se*, filed an Amended Complaint. In light of the procedural posture of this case, the Court strikes it.

Plaintiff filed the original complaint on October 12, 2012. On October 30, 2012, he filed an *ex parte* motion for a temporary restraining order, which the Court denied on November 2, 2012. On November 8, 2012, Plaintiff filed a second application for a temporary restraining order, which he served on Defendants, who appeared and opposed the motion. The Court granted a preliminary injunction on November 20, 2012.

Rule 15 provides that a plaintiff may amend its complaint once as a matter of course within 21 days after serving it on the defendants or within 21 days after the defendants' service of their answer or motion under Rule 12 (b), (e), or (f), whichever is earlier. F.R.Civ.P. 15(a)(1). In all other cases, a plaintiff may amend its complaint only with the consent of the defendants or the Court's leave to amend. F.R.Civ.P. 15(b).

In this case, Plaintiff did not serve the summons and complaint on the Defendants. Nonetheless, Defendants waived their right to service of the summons and complaint when they

appeared in this action without reserving the claim that they had not been served. *United States v. Vacant Land Located at 10th St. and Challenger Way in Palmdale, CA.*, 15 F.3d 128, 131 (9th Cir. 1994). "The voluntary appearance of a [party] is equivalent to personal service of the summons and copy of the complaint upon him." *In re Connaway*, 178 U.S. 421, 428 (1900). As a result, Plaintiff's attempt to file an amended complaint as a matter of course is untimely.

In addition, the November 20, 2012 preliminary injunction was based on the allegations of the original complaint. The preliminary injunction remains in effect pending Defendants' submission of documentation of their compliance with Cal. Civ. Code § 2923.5. Doc. 15. A decision to grant Plaintiff leave to amend the complaint requires careful consideration of the nature of the amendments and their effect on the preliminary injunction. Such consideration requires Plaintiff's and Defendants' submission of memoranda of points and authorities addressing the proposed amendment.

Accordingly, the Court STRIKES the Amended Complaint, filed February 1, 2013, as Document 18, without prejudice to Plaintiff's initiating a motion for leave to amend the complaint. The Clerk of Court is directed to serve a copy of this order on Plaintiff by mail.

IT IS SO ORDERED


DATED: 2/4/2013                              /s/ SANDRA M. SNYDER
                                             UNITED STATES MAGISTRATE JUDGE