**BRYAN CAVE LLP**
Daniel T. Rockey, California Bar No. 178604
Tina L. Naicker, California Bar No. 252766
333 Market Street, 25th Floor
San Francisco, CA 94105
Telephone:   (415) 675-3400
Facsimile:   (415) 675-3434
E-Mail:   daniel.rockey@bryancave.com
   naickert@bryancave.com

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A. (for itself and as successor by merger to Chase Home Finance, LLC).

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES HEFLEBOWER,<br><br>           Plaintiff,<br><br>     v.<br><br>JPMORGAN CHASE BANK, NA; CHASE HOME FINANCE LLC; WASHINGTON MUTUAL BANK FA; TITLE TRUST DEED SERVICE COMPANY; and DOES 1-20 inclusive,<br><br>           Defendants. | Case No. 1:12-CV-1671-AWI-SMS<br><br>**DEFENDANTS' JPMORGAN CHASE BANK, N.A. AND TITLE TRUST DEED SERVICE COMPANY'S JOINT OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AND LEAVE TO FILE RESPONSIVE PLEADING.** |

## I.    **INTRODUCTION**

Defendants JPMorgan Chase Bank, N.A. for itself and as successor by merger to Chase Home Finance LLC ("Chase") and Title Trust Deed Service Company ("TTDSC") (collectively, "Defendants") jointly file this opposition to Plaintiff's Request for Entry of Default and respectfully request leave from the Court to file a responsive pleading to Plaintiff's Complaint on or before February 22, 2013.

Plaintiff filed his original complaint on October 12, 2012, but did not serve the Summons and Complaint on Defendants. While this Court found that Defendants waived their right to service of the Summons and Complaint when Defendants opposed the preliminary injunction sought by Plaintiff, Defendants did not intend to do so. Defendants inadvertently generally appeared in the action without reserving their claim for lack of proper service. Any purported waiver of service of the Summons and Complaint by Defendants was by inadvertent error and mistake, which should not result in default. Fed. R. Civ. P. 60(b).

Thereafter, Chase attempted in good faith to resolve the dispute informally with Plaintiff, but Chase's attempts were ignored by Plaintiff. Indeed, Chase also agreed to waive service of the Summons and Complaint, but Plaintiff failed to provide a Request for Waiver of Summons to Chase for execution. Plaintiff then filed his amended complaint on February 1, 2013, which was stricken by the Court on its own motion on February 5, 2013. (Dkt. 18, 19.)

Using the Court's Order striking Plaintiff's amended complaint, Plaintiff now seeks default against Defendants. Defendants respectfully request that the Court deny Plaintiff's request for entry of default and allow Defendants leave to file a responsive pleading to Plaintiff's original complaint on or before February 22, 2013. Plaintiff will suffer no prejudice as a result of denying his request, as Defendants would have responded to his amended complaint on February 22, 2013 if not stricken by the Court. Fed. R. Civ. P. 12(a)(1)(A)(i).

## II.    **PROCEDURAL HISTORY**

On or around October 12, 2012, Plaintiff filed his Complaint against Defendants. (Dkt. 1.) However, Plaintiff did not serve Defendants with the Summons and Complaint.

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

On or around November 8, 2012, Plaintiff sought an ex parte temporary restraining order ("TRO") to enjoin the impending trustee's sale on the subject property, which was granted by the Court. (Dkt. 6, 8.) Defendants opposed the Order to Show Cause Hearing, but inadvertently failed to specially appear for purposes of reserving their claim for lack of proper service. (Dkt. 12.) The Court, thereafter, granted the preliminary injunction without further hearing on November 20, 2012. (Dkt. 15.)

On or around December 11, 2012, Bryan Cave, LLP substituted in as counsel for record for Chase, originally represented by Alvarado Smith, counsel of record for TTDSC. (Dkt. 16, 17.)

On or around January 14, 2013, Plaintiff provided a "Good-Faith Offer" to pay the total amount due. (Declaration of Tina L. Naicker ("Naicker Decl."), at ¶ 2, Ex. A.) Chase responded to the Plaintiff's Good-Faith Offer on January 24, 2013. (Naicker Decl., at ¶ 3, Ex. B.) On or around January 30, 2013, Plaintiff provided a second request for "Good-Faith Offer" to pay the total amount due. (Naicker Decl., at ¶ 4, Ex. C.) Counsel for Chase attempted to speak to Plaintiff regarding his "Good-Faith Offer," but Plaintiff simply requested that all communication be in writing and refused to speak to counsel for Chase. (Naicker Decl., at ¶ 5.) Chase responded in writing to Plaintiff's Good-Faith Offer again on February 5, 2013. (Naicker Decl., at ¶ 6, Ex. D.) Plaintiff did not respond to Chase's correspondence. (Naicker Decl., at ¶ 7.)

Instead, on February 1, 2013, Plaintiff filed his amended complaint, which was stricken by the Court on February 5, 2013. (Dkt. 18, 19.) In the Order striking the amended complaint, the Court noted that Defendants waived their right to service of the Summons and Complaint by generally appearing in opposing the preliminary injunction. On that basis, Plaintiff now seeks default on failure to file a responsive pleading to his Complaint. (Dkt. 20.)

### III.   ARGUMENT

####   A.   Defendants Inadvertently Failed To Reserve Their Claim For Lack of Proper Service and

Defendants request that Plaintiff's request for entry of default be denied. Plaintiff did not serve Plaintiff's Complaint on Defendants. Rather, Plaintiff's request for default is on the basis that Defendants waived their right of service of the Summons and Complaint when opposing his

request for preliminary injunction.  (Dkt. 20.)  Defendants, however, did not intend to waive their right to service of the Summons and Complaint by opposing Plaintiff's request for preliminary injunction.  Defendants inadvertently generally appeared in the action without reserving their claim for lack of proper service.

Federal Rule of Civil Procedure 60(b) provides relief after a default has been entered on the grounds of mistake, inadvertent error, or mistake.  Here, any purported waiver of service of the Summons and Complaint by Defendants was by inadvertent error and mistake, which should not result in entry of default.  Fed. R. Civ. P. 60(b).  Indeed, Defendants were under the impression that the Summons and Complaint were not properly served.  On or around January 24, 2013, counsel of Chase even requested that Plaintiff provide Notice of Waiver/Acknowledgment of Service for execution so that Chase may timely respond to Plaintiff's Complaint.  (Naicker Decl., at ¶ 3, Ex. B.)  Plaintiff, however, did not respond, nor provide any such request or Notice of Waiver/Acknowledgment of Service.

Instead, Plaintiff sought to pay-off his loan.  (Naicker Decl., at ¶¶ 2, 4, Exs. A, C.)  As such, Defendants were under the impression that Plaintiff intended to resolve the dispute informally, instead of proceed with litigation.  Not so, as Plaintiff did not respond to Chase's correspondence and instead filed his amended complaint.  (Dkt. 18.)

Based on the foregoing, grounds for relief exist from any inadvertent error and mistake by waiving service and failing to timely respond to Plaintiff's original complaint.  Accordingly, Plaintiff's request for entry of default should be denied.

**B.    Plaintiff Will Suffer No Prejudice By Denying His Request For Default and Allowing Defendants Leave To Respond To His Original Complaint.**

Defendants respectfully request leave to file a responsive pleading on or before February 22, 2013.  A court may enlarge the time for a party to respond to a complaint or motion for good cause. Fed. R. Civ. P. 6(b).  Here, good cause exists to allow Defendants to file a responsive pleading to Plaintiff's original complaint on or before February 22, 2013.

Plaintiff did not properly serve Defendants to trigger Defendants' duty to respond to Plaintiff's Complaint.  While the Court found that Defendants waived their right to claim improper

3
DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

service by generally appearing in the action, Defendants inadvertently did so.  (*See* Sect. IV.A., *supra*.)  Then, the parties were attempting to resolve the dispute informally.  (*See* Naicker Decl., generally).  When those attempts failed, Plaintiff filed an amended complaint on February 1, 2013.  (Dkt. 18.)  The Court on its own motion struck Plaintiff's amended complaint without prejudice.  (Dkt. 19.)

Should the Court have accepted Plaintiff's amended pleading, Defendants would have had until February 22, 2013 to file a responsive pleading.  Fed. R. Civ. P. 12(a)(1)(A)(ii).  As such, the filing of a responsive pleading to Plaintiff's original complaint on or before February 22, 2013 will not result to any prejudice to Plaintiff.  Accordingly, Defendants respectfully request leave to file a responsive pleading on or before February 22, 2013.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's request for entry of default and grant Defendants leave to file a responsive pleading to Plaintiff's original complaint on or before February 22, 2013.

Dated: February 15, 2013

**BRYAN CAVE LLP**
Daniel T. Rockey
Tina L. Naicker

By:  /s/ Tina L. Naicker
      Tina L. Naicker
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A. (for itself and as successor by merger to Chase Home Finance, LLC).

Dated: February 15, 2013

**ALVARADO SMITH, A.P.C.**
Christopher Yoo
Taline M. Gulesserian

By:  /s/ Taline M. Gulesserian
      Taline M. Gulesserian
Attorneys for Defendant
TITLE TRUST DEED SERVICE COMPANY

BRYAN CAVE LLP
333 MARKET STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105

1  I, Tina L. Naicker, hereby attest that I have the permission of all necessary filers of any
2 signatures indicated by a "conformed" electronic signature (/s/) within this e-filed document.

   /s/ Tina L. Naicker
_____