# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES HEFLEBOWER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J.P. MORGAN CHASE BANK, N.A., *et al.*,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:12-cv-01671-AWI-SMS<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DEFAULT AND DIRECTING DEFENDANTS TO ANSWER<br><br>(Doc. 20) |

　　On February 13, 2013, Plaintiff John Charles Heflebower, proceeding *pro se*, requested that the Clerk of Court enter default against Defendants. On February 15, 2013, Defendants JP Morgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC, and Title Trust Deed Service Company jointly opposed Plaintiff's request for entry of default and requested leave to file a responsive pleading. The Court will deny Plaintiff's request for entry of default and will permit JP Morgan Chase and Title Trust to file responsive pleading(s) on or before February 26, 2013.

**I.    Procedural Background**

　　Plaintiff filed the original complaint on October 12, 2012. On October 30, 2012, he filed an *ex parte* motion for a temporary restraining order, which the Court denied on November 2, 2012. On November 8, 2012, Plaintiff filed a second application for a temporary restraining order, which he served on Defendants, who appeared and opposed the motion. The Court granted a preliminary injunction on November 20, 2012.

///

1

1  Plaintiff never served the summons and complaint on the Defendants. Nonetheless,
2  Defendants waived their right to service of the summons and complaint when they appeared in
3  this action without reserving the claim that they had not been served. *United States v. Vacant*
4  *Land Located at 10th St. and Challenger Way in Palmdale, CA.*, 15 F.3d 128, 131 (9th Cir. 1994).
5  "The voluntary appearance of a [party] is equivalent to personal service of the summons and
6  copy of the complaint upon him." *In re Connaway*, 178 U.S. 421, 428 (1900). As a result, on
7  February 5, 2013, the Court concluded that Plaintiff's attempt to file an amended complaint as a
8  matter of course was untimely and entered an order striking the first amended complaint. Doc.
9  19.
10  Based on the Court's determination that Defendants had waived service, Plaintiff
11  requested that the Clerk enter default against Defendants. Arguing that their waiver of service
12  was inadvertent, JP Morgan Chase and Title Trust oppose Plaintiff's request for entry of default.
13  **II.  Clerk's Entry of Default**
14  Default judgments are generally disfavored; instead, courts should decide cases on their
15  merits whenever possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). The Clerk's
16  entry of default pursuant to F.R.Civ.P. 55(a) is the first step in the two-step process leading to a
17  default judgment. *Id.* at 1471.
18  "When a party against whom a judgment for affirmative relief is sought has failed to
19  plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must
20  enter the party's default." F.R.Civ.P. 55(a). This portion of the rule formalizes the judicial
21  recognition that a defendant has admitted liability to the plaintiff by failing to defend the action.
22  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). When a
23  defendant is "clearly defending himself against the action," the Court has the discretion to deny a
24  motion for default. *Hill v. Thomas*, 188 F.3d 513 (Table), 1999 WL 638526 (9th Cir. August 18,
25  1999) (No. 97-17216). Here, Defendants have defended themselves by opposing Plaintiff's
26  motion for a preliminary injunction, cooperating with Plaintiff's overtures to pay the amount
27  owing on his mortgage loan, agreeing to provide a waiver of service to Plaintiff, who never
28  served them with the summons or complaint, and monitoring the docket of the case as it

proceeded.  Ironically, it is only because Defendants inadvertently failed to preserve the defense of lack of service when they appeared to oppose the preliminary injunction that enables Plaintiff to seek to hold them in default.

"The court may set aside an entry of default for good cause."  F.R.Civ.P. 55(c).  It has especially broad discretion when the defendant seeks to set aside an entry of default rather than a default judgment.  *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986).  In determining whether to set aside the Clerk's entry of default, the Court must consider three factors: whether (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and (3) the defendant's culpable conduct led to the default.  *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994), *cert. denied*, 514 U.S. 1021 (1995).   If any one of these factors is true, a court may reasonably set aside an entry of default.  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*").  The Ninth Circuit will not disturb a district court's setting aside an entry of default unless its determination of good cause is clearly wrong.  *O'Connor*, 27 F.3d at 364.

In this case, Plaintiff will not be prejudiced by the Court's setting aside the default since the Court has already entered a temporary injunction against Defendants' proceeding with the foreclosure sale of Plaintiff's property pending Defendants' proving prior compliance or complying with certain notice requirements.  By requesting a pay-off statement from Defendants and representing his intention to pay the amount he owes, Plaintiff has conceded his liability to pay amounts due pursuant to the deed of trust securing the loan Plaintiff obtained to finance the construction on his property.  At the same time that Plaintiff first filed an amended complaint and then filed a request for entry of default, he represented to Defendants his intention to pay off the amount he owed on the mortgage.  Defendants have twice provided the requested pay-off statement, although the requirements of California state law precluded their consenting to the immediate turnover of a cancelled deed of trust as Plaintiff had demanded.

The burden of proving a meritorious defense is light: a defendant need only allege sufficient facts that would, if true, constitute a defense.  *TCI Group Life Ins. Plan v. Knoebber*,

///

244 F.3d 691, 700 (9th Cir. 2001).  Nonetheless, because Defendants erroneously assume that the provisions of F.R.Civ.P. 60(b) apply, their opposition brief does not address this element.

"Culpable conduct" occurs when a defendant had actual or constructive notice of the action and intentionally failed to answer. *Mesle*, 615 F.3d at 1092.  "The term 'intentionally' means that a [defendant] cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the [defendant] must have acted with bad faith, such as 'an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id., quoting TCI Group Life*, 244 F.3d at 697.  Simple carelessness does not rise to the level of culpable conduct. *Mesle*, 615 F.3d at 1093.  Defendants' failure to file responsive pleadings does not result from any culpable conduct but from their inadvertent failure to preserve their right to object to Plaintiff's failure to serve them with the summons and complaint.  Defendants have demonstrated no behavior in these proceedings that could remotely be considered to be in bad faith.

### III. Conclusion and Order

Although Plaintiff never served Defendants with the summons and complaint, they appeared in this action to oppose Plaintiff's motion for a preliminary injunction.  Accordingly, the Clerk of Court correctly declined to enter default against Defendants JP Morgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC, and Title Trust Deed Service Company.  The Court hereby DENIES Plaintiff's request for entry of default and ORDERS Defendants JP Morgan Chase and Title Trust to file responsive pleading(s) on or before February 26, 2013.

IT IS SO ORDERED.

**Dated:   February 19, 2013**              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE