UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES HEFLEBOWER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J.P. MORGAN CHASE BANK, N.A., *et al.*,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:12-cv-01671-AWI-SMS<br><br>ORDER STRIKING DOCUMENT 35,<br>PLAINTIFF'S RESPONSE TO [33] NOTICE<br>OF DECLARATION OF TRUSTEE'S<br>NON-MONETARY STATUS<br><br>(Doc. 37) |

　　California Civil Code § 2924*l* (a) provides for a trustee's filing of a declaration of nonmonetary status "in the event that the trustee maintains the reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." On February 27, 2013, Defendant Title Trust Deed Service Company filed a declaration of nonmonetary status, indicating that it had been named solely in its capacity as substitute trustee to the Deed of Trust for the Plaintiff's property and declaring its willingness "to be bound by whatever judgment or order is issued by the court regarding the trustee." Doc. 33. On March 18, 2013, Plaintiff responded to Title Trust's declaration, objecting that the complaint alleged fraudulent behavior by Title Trust. Doc. 35. On April 4, 2013, Title Trust moved to strike Plaintiff's objections as untimely. Doc. 37. Plaintiff has not responded to Title Trust's motion.

　　California Civil Code § 2924*l* (c) provides that a party that has appeared in the action has fifteen days from service of the declaration of nonmonetary action to object. Plaintiff was served with the declaration by mail on February 25, 2013. Doc. 33 at 5. He served Title Trust with his

1 objections on March 18, 2013.  Doc. 35 at 6.  Accordingly, Plaintiff's objections were filed
2 beyond the statutory time limit.
3     When no objection has been timely filed, the trustee is no longer required to participate
4 any further in the action or proceeding.  Cal. Civil Code § 2924*l* (d).  Because Plaintiff has
5 presented no basis for the Court's setting aside the statutory provision, Title Trust has no further
6 obligation to appear in this action.
7     The Court hereby STRIKES Document 35, Plaintiff's Response to [33] Notice of
8 Declaration of Trustee's Non-Monetary Status.

10 IT IS SO ORDERED.

11 **Dated:   May 19, 2013**              /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE