# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES HEFLEBOWER,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A., *et al.*,<br><br>Defendants. | CASE NO. 1:12-cv-01671-AWI-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 53) |

On May 20, 2013, this Court granted the motion of Defendant Title Trust Deed Service Company to strike as untimely Plaintiff's objection to its declaration of nonmonetary status. Plaintiff now moves for reconsideration, contending that the order was erroneously issued by a magistrate judge even though he had not consented to magistrate jurisdiction.

Plaintiff misunderstands the roles of district judges and magistrate judges in this district. Even if a litigant has declined to consent to magistrate jurisdiction for all purposes, magistrate judges remain responsible for all nondispositive pretrial matters. F.R.Civ.P. 72(a); Loc. R. 303(a).

In addition, Plaintiff's motion is untimely. After a magistrate judge has heard and decided such a pretrial matter, a party may serve and file objections within fourteen days of being served with a copy of the order. F.R.Civ.P. 72(a). "A party may not assign as error a defect in the order not timely objected to." F.R.Civ.P. 72(a).

In light of Plaintiff's repeated failure to proceed in a timely manner and in compliance with court rules, the Court reminds Plaintiff that, as individual proceeding *in propria persona*, all

obligations imposed on counsel apply equally to him. Loc. R. 183 (a). This means that Plaintiff is bound by the Federal Rules of Civil Procedure, the Local Rules, and all other applicable law. *Id.* "Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these [Local] Rules." *Id.* To the extent that Plaintiff's difficulties in prosecuting his case result from his unfamiliarity with court rules and applicable law, Plaintiff may wish to retain an attorney to ensure that his claims are appropriately presented.

On the other hand, if Plaintiff intends to use his *pro se* status to delay the foreclosure of his property, to increase Defendants' litigation costs, or to obfuscate issues in this case, among other impermissible purposes, Plaintiff is reminded of the provisions of Rule 11:

> By presenting to the Court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> 1. it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> 2. the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> 3. the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> 4. the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

F.R.Civ.P. 11(b).

Violations of Rule 11 are subject to sanctions, as outlined in F.R.Civ.P. 11(c).

Plaintiff's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

Dated:   June 18, 2013                     /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE