**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN CHARLES HEFLEBOWER, | CASE NO. 1:12-CV-1671 AWI SMS |
| Plaintiff | **ORDER GRANTING DEFENDANT JP MORGAN CHASE BANK, NA'S MOTION TO DISMISS AND MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION TO AMEND** |
| v. | |
| JPMORGAN CHASE BANK, NA; et al., | |
| Defendants | (Docs. 60, 65) |

Plaintiff John Charles Heflebower ("Plaintiff") brought this action in relation to a secured loan owed to Defendant JPMORGAN CHASE BANK, NA ("Defendant"), as purchaser of the loan from the FDIC as receiver for Washington Mutual Bank, FA. Defendant seeks dismissal of Plaintiff's Verified Amended Complaint filed October 28, 2013. Plaintiff also moved to amend the Amended Complaint on December 23, 2013. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied:

I.      BACKGROUND

Plaintiff entered into the loan with Washington Mutual Bank, FA ("Washington Mutual") on January 11, 2006 for the purchase of a real property. Doc. 61, Exh. 1.[1] On September 25, 2008,

---

[1] Defendant submitted a request for judicial notice ("RJN") of four documents related to real property in this matter all recorded with the Fresno County Recorder (Deed of Trust, Notice of Default, Substitution of Trustee, and Notice of Trustee). The Court will take judicial notice of these documents as public records. See Fed. R. Evid. 201; *Botelho v. U.S. Bank, N.A.*, 692 F.Supp.2d 1174, 1178 (N.D. Cal. 2010); *Allen v. United Fin. Mortg. Corp.*, 660 F.Supp.2d 1089, 1093-94 (N.D. Cal. 2009). Defendant also submitted an RJN of the Purchase and Assumption Agreement between Defendant and the FDIC. The Court will also take judicial notice of this document as a matter of public record. *Id*.

1  Washington Mutual was seized and put into receivership with the FDIC. Doc. 61, Exh 2, p. 1.

2  Defendant acquired all of Washington Mutual's assets, and in so doing became the owner of

3  Plaintiff's loan. Doc. 61, Exh. 2, p. 8-9. The loan went into default and notice of default was

4  recorded on January 12, 2012. Doc. 61, Exh. 3. Notice of Trustee sale was recorded on June 18,

5  2012. Doc. 61, Exh. 5.

6      Plaintiff filed the initial complaint in this matter on October 12, 2012, bringing eleven

7  causes of action against Defendant and others. This Court granted Defendant's Motion to Dismiss

8  each cause of action alleged against Defendant giving leave to amend only the Fourth Cause of

9  Action for Quiet Title and the Eighth Cause of Action for Wrongful Foreclosure. Doc. 57, Doc.

10  58.  Plaintiff filed the Verified Amended Complaint ("FAC") in pro se, and brings fifteen causes

11  of action, eight of which are re-pleadings of the claims previously dismissed without leave to

12  amend. Doc. 59.  Plaintiff also brings three new causes of action against Defendant, as well as

13  another against a different defendant, without requesting leave to amend. *Id*. Plaintiff also

14  amended the causes of action as allowed by the Order on the prior Motion to Dismiss. *Id*.

15      Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint on November 15,

16  2013. Defendant contends that Plaintiff's FAC does not cure the defects for the Quiet Title and

17  Wrongful Foreclosure claims, and the additional claims are improperly before the Court. Doc. 60.

18  Plaintiff did not file an opposition, but on December 10, 2013 filed an ex-parte motion to continue

19  the hearing date, which was denied. Doc. 63, 64. On December 23, 2013 Plaintiff filed a Motion

20  for Leave to Amend the Verified Amended Complaint.  Doc. 65.  The Court will address the

21  Motion to Dismiss Plaintiff's Amended Complaint and Plaintiff's Motion for Leave to Amend the

22  Verified Amended Complaint in the following discussion.

23      II.     THE LEGAL STANDARD

24          A.   Rule 12(b)(6)

25      Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

26  plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A

27  dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

28  absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*,

646 F.3d 1240, 1242 (9th Cir. 2011); *Johnson v. Riverside Healthcare Sys*., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Faulkner v. ADT Sec. Servs*., 706 F.3d 1017, 1019 (9th Cir. 2013); *Johnson*, 534 F.3d at 1121. However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

To avoid a Rule 12(b)(6) dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); see *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Further, the Ninth Circuit has interpreted *Iqbal* and *Twombly* to find that 1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; and 2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Leave to Amend

If a motion to dismiss is granted, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. See *Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

Also, before dismissing a pro se complaint, the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Leave to amend

3

1    should be granted "with extreme liberality," so long as factors such as undue delay, bad faith or

2    dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

3    previously allowed, undue prejudice to the opposing party by virtue of the amendment, or futility

4    of amendment are not present. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051-52

5    (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining factors, there

6    exists *a presumption* under Rule 15(a) in favor of granting leave to amend."  *Id*. at 1052 (emphasis

7    in original). However, the court is not required to accept "legal conclusions cast in the form of

8    factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg*

9    *v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

10        A proposed amendment is futile only if "no set of facts can be proved under the

11   amendment to the pleadings" that would constitute a valid and sufficient claim or defense.

12   *Nordyke v. King*, 681 F.3d 1041, 1046 (9th Cir. 2012) (citing *Miller v. Rykoff-Sexton, Inc*., 845

13   F.2d 209, 214 (9th Cir. 1988)). A proposed amended complaint is futile if it would be immediately

14   subject to dismissal. *Raifman v. Wachovia Sec*., *LLC*, 2012 U.S. Dist. LEXIS 64596, *6-7 (N.D.

15   Cal. 2012) (citing *Nordyke v. King*, 644 F.3d 776, 788 n. 12 (9th Cir. 2011)). Thus, the proper test

16   to be applied when determining the legal sufficiency of a proposed amendment is identical to the

17   one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *Id*.

18        III.    DISCUSSION

19            A.   Plaintiff's First, Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh

20                 Causes of Action

21        This Court dismissed Plaintiff's First, Second, Third, Fifth, Seventh, Ninth, Tenth, and

22   Eleventh Causes of Action without leave to amend. Doc. 57. Plaintiff has re-pled these claims

23   without modifying their substance.  These Causes of Action are hereby stricken pursuant to Rule

24   12(f). Fed. R. Civ. P. 12(f).

25            B.   Plaintiff's Fourth Cause of Action – Quiet Title

26        California Code of Civil Procedure section 760.020 provides an action to establish title

27   against adverse claims to real property. A plaintiff's quiet title action must include: (1) a legal

28   description and street address of the subject real property; (2) The title of plaintiff as to which

4

1  determination is sought and the basis of that title; (3) the adverse claims to the title of the plaintiff

2  against which a determination is sought; (4) the date of which the determination is sought; and (5)

3  a prayer for the determination of the title. Cal. Code Civ. Proc. § 760.020. However, even if the

4  above requirements are met, "it is settled in California that a mortgagor cannot quiet his title

5  against the mortgagee without paying the debt secured." *Bates v. Suntrust Mortg., Inc*., 2013 U.S.

6  Dist. LEXIS 173264 (E.D. Cal. Dec. 9, 2013) (citing *Shimpones v. Stickney*, 219 Cal. 637, 649, 28

7  P.2d 673 (1935)); accord *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1177-78 (E.D.

8  Cal. 2010). To maintain a quiet title claim, a plaintiff is required to allege tender of the proceeds of

9  the loan, or plead an ability to tender, at the pleading stage. *Briosos v. Wells Fargo Bank*, 737

10  F.Supp.2d 1018, 1032 (N.D. Cal. 2010).

11          The Order dismissing this cause of action with leave to amend stated: "While Plaintiff

12  states in his complaint that he is the owner of the subject property, and is entitled to possession of

13  it, he does not allege that he has satisfied his payment obligation under the Deed of Trust. There

14  are no facts that indicate Plaintiff has either alleged tender nor plead an ability to tender." Doc. 57,

15  p. 12, lines 18-21.

16          Despite the Court's specific order, the FAC does not plead additional facts that would

17  demonstrate that he has tendered the amount of the obligation nor that he has the ability to tender

18  the same; hence, has not cured the original defect.  The pleadings under this section of the FAC

19  are identical to those in the original Complaint, and the additional language at the beginning of the

20  FAC does not make any mention of tender or ability to tender. Without meeting this element of

21  the California action for quiet title, the pleadings do not suggest entitlement to relief. Because

22  there is no additional language in the FAC that attempts to demonstrate this element of the Quiet

23  Title claim, it appears that further amendment would be futile. Accordingly, Defendant's motion

24  to dismiss Plaintiff's Fourth Cause of Action will be granted without leave to amend.

25                      C.  Plaintiff's Eighth Cause of Action – Wrongful Foreclosure

26          "A cause of action to set aside a foreclosure action for failure to follow the correct

27  procedure arises in equity." *Quinteros v. Aurora Loan Svcs*., 740 F.Supp.2d 1163, 1168 (E.D. Cal.

28  2010) (citing *Knapp v. Doherty*, 123 Cal.App.4th 76, 78, 20 Cal. Rptr. 3d 1 (6th Dist. 2004)).

1   While a failure to follow the procedure set forth under Cal. Civ. Code § 2924 et seq. can be the

2   basis for a claim for relief, a showing of "some form of prejudice is necessary." *Id.* at 1168-1169.

3   "When attacking a non-judicial foreclosure sale, a borrower must overcome a presumption of

4   propriety. She may do this by proving an improper procedure occurred and by demonstrating

5   resulting prejudice." *Davenport v. Litton Loan Servicing*, 725 F.Supp.2d 862, 877 (N.D. Cal.

6   2010).

7       The Order dismissing this cause of action with leave to amend explained that Plaintiff's

8   grounds for alleging wrongful foreclosure lacked merit, finding that Defendant was in compliance

9   with the relevant foreclosure requirements in the California Civil Code sections.  It also stated:

10  "Courts in the Eastern District have examined the issue of wrongful foreclosure claims based upon

11  violations of section 2923.5 and have found tender is required for these claims. […] Plaintiff has

12  not alleged any facts that he has made tender against his mortgage loan, that demonstrate his

13  willingness to make tender, or that support his ability to make tender. Plaintiff's claim for

14  wrongful foreclosure under section 2923.5 cannot proceed." See Doc. 57, p. 16, lines 18-19; p. 17,

15  lines 3-5.

16      The FAC re-alleges all of the language under this Cause of Action in the original

17  Complaint verbatim, with the addition of one paragraph: 126-1, which states "California law

18  allows borrowers the right to void assignments of their loans" (citation omitted). This addition

19  does not speak to whether or not Defendant complied with the relevant foreclosure requirements.

20  Plaintiff's FAC and original complaint bring the same allegations against Defendant for

21  improperly initiating foreclosure proceedings, all of which were rejected by this Court. The

22  Wrongful Foreclosure claim in the FAC does not rest upon a new theory of recovery or plead

23  additional facts that would support any of the previously rejected theories.

24      The FAC also, as stated above, still does not demonstrate willingness or ability to tender.

25  The FAC does not allege that Plaintiff suffered any prejudice *resulting from* the improper

26  procedure. Plaintiff has not pled that he has or would have had the ability to tender to amount and

27  thereby save the property from foreclosure. Neither has Plaintiff alleged facts that he would not

28  have been harmed, or the property not foreclosed, if it were not for improper procedure. These

6

1   infirmities were pointed out to Plaintiff in the Court's prior order and no additional facts were pled

2   to address them. It appears that Plaintiff can prove no set of facts to support a valid wrongful

3   foreclosure claim. Allowing amendment as to this cause of action would therefore be futile.

4        The pleading requirements for wrongful foreclosure not being met, Plaintiff having failed

5   to cure the infirmities, and amendment being futile, Defendant's motion to dismiss Plaintiff's

6   Eighth Cause of Action is granted without leave to amend.

7            D.  <u>Plaintiff's Thirteenth, Fourteenth, and Fifteenth Causes of Action</u>

8        This Court stated in the order on Defendant's previous Motion to Dismiss, "Plaintiff shall

9   have through 4:00 p.m. Pacific Time on Monday, October 28, 2013 to amend *all causes of action*

10  *within the complaint for which leave to re-plead was granted*." Doc. 58 (emphasis added).  The

11  FAC adds the Twelfth, Thirteenth, Fourteenth, and Fifteenth Causes of Action, not present in the

12  original Complaint (the Twelfth Cause of Action is not a subject of Defendant's Motion).

13  After the time has passed for a party to amend its pleading as a matter of course, Federal Rule of

14  Civil Procedure 15 provides that a party may amend its pleading by leave of court or by written

15  consent of the adverse party. Fed. R. Civ. P. 15(a)(1)-(2).  Leave shall be freely given when justice

16  so requires. Fed. R. Civ. P. 15(a)(2). Because Plaintiff added these causes of action without

17  Defendant's consent and without the Court's leave, they are improperly before the Court and

18  could properly be stricken.

19       In conformity with Rule 15, the Court will grant leave to amend to add the proposed causes

20  of action unless doing so would cause them to be immediately subject to dismissal, rendering

21  amendment futile. The Court looks to the pleadings in the FAC as a direct indication of feasibility

22  of amendment. Accordingly, in order to determine whether Plaintiff's pleading could possibly

23  state a claim, the Court will address Plaintiff's Thirteenth, Fourteenth, and Fifteenth Causes of

24  Action. Added causes of action that do not state a claim will be stricken.

25           1.  *Plaintiff's Thirteenth Cause of Action – Breach of Fiduciary Duty*.

26       To be charged with a fiduciary obligation, a person "must knowingly undertake to act on

27  behalf and for the benefit of another, or must enter into a relationship which imposes that

28  undertaking as a matter of law." *Fitzpatrick v. Fitzpatrick*, 2013 U.S. Dist. LEXIS 124781, *17

(E.D. Cal. Aug. 29, 2013) (citing *City of Hope Nat'l Med. Ctr. v. Genentech Inc*., 43 Cal. 4th 375, 385, 75 Cal. Rptr. 3d 333, 181 P.3d 142 (2008)).  The relationship between a lending institution and a borrower is not fiduciary in nature. *Smith v. Home Loan Funding, Inc*., 192 Cal. App. 4th 1331, 1335, 121 Cal. Rptr. 3d 857 (2011). "As a general rule, a financial institution owes no duty of care to a borrower when the lending institutions involvement does not exceed the scope of its conventional role as a mere lender of money." *Das v. Bank of America, N.A*., 186 Cal. App. 4th 727, 740, 112 Cal. Rptr. 3d 439 (2010).

The FAC alleges that Plaintiff mailed five letters to Defendant's representatives between January and February 2013, and that none of these letters received a response. Doc. 59, p. 47. Plaintiff does not allege that Defendant undertook any act on behalf or for the benefit of Plaintiff. The relationship between Defendant and Plaintiff is that of a lending institution and a borrower, which is not fiduciary in nature, and nothing in the FAC suggests that Defendant acted outside the scope of its conventional role as a mere lender of money. Hence, Plaintiff has not sufficiently alleged that a fiduciary relationship existed or was formed by action or by law. There are no facts that could support the claim that Defendant had a fiduciary obligation towards Plaintiff.  This Cause of Action would not state a claim if leave to amend were granted.  It is therefore stricken.

### 2.  *Plaintiff's Fourteenth Cause of Action – RICO*

The elements of a civil RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity; (5) causing injury to plaintiff's business or property. 18 USCS § 1962; *Stitt v. Citibank, N.A.*, 942 F. Supp. 2d 944, 954 (N.D. Cal. 2013) *Living Designs, Inc. v. E.I. Dupont de Nemours and Co*., 431 F.3d 353, 361 (9th Cir. 2005).  A "pattern" is defined as at least two acts of racketeering activity, which is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice.  18 U.S.C. § 1961(5); 18 U.S.C. § 1961(1); *Sanford v. MemberWorks, Inc*., 625 F.3d 550, 557 (9th Cir. 2010). The racketeering activity must be the proximate cause of the asserted injury. *Holmes v. Securities Investor Protection Corp*., 112 S. Ct. 1311, 1318, 117 L. Ed. 2d 532 (1992)

The pleading requirements of Rule 9 are applicable to Plaintiff's RICO claim because it is

predicated on the act of mail fraud. *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). In alleging fraud or mistake, Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Furthermore, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. *United States v. Corinthian Colleges*, 655 F.3d 984, 997-98 (9th Cir. 2011). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer to the allegations. *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993)

Finally, a plaintiff must allege a concrete financial loss as an injury. *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008); see also *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1055 (9th Cir. 2008). To compute RICO damages, "[a] standard measure of out-of-pocket loss is monies paid out minus any value received." *Negrete v. Allianz Life Ins. Co.*, 2011 U.S. Dist. LEXIS 118529, *30 (C.D. Cal. 2011)(citing Jed S. Rakoff, *Rico Civil and Criminal Law and Strategy* ("*RICO: Criminal and Civil*") § 4.02[2] at 4-6 (2007)). Personal injury, including emotional distress, even if pecuniary loss is incurred from emotional distress, is not compensable under section 1964(c) of RICO. *Berg v. First State Ins. Co.*, 915 F.2d 460, 464 (9th Cir. 1990).

Plaintiff has not pled his RICO claim with particularity. With regards to a pattern of racketeering activity, he alleges "mail fraud and a scheme to defraud homeowners" by "mailing false foreclosure documents […] to targeted homeowners and rental/business property owners" that "falsely represent that TTDSC is trustee." Doc 59, p. 48, lines 8-21. "Defendants then record a Trustee's Deed reflecting a 'credit bid' and an alleged non-judicial foreclosure sale." *Id*. Plaintiff alleges that the letters caused the owners to believe foreclosures were legitimate and not to fight the foreclosures. Defendants thereafter acquired the properties. *Id*. Plaintiff also refers to two of

such letters mailed to him: the Notice of Default and Notice of Trustee's Sale. *Id.* Plaintiff alleges that the Defendants sent letters to renters directing them to send rental payments to the Defendants. Doc. 59, p. 49, lines 17-21.

These pleadings do not meet the pleading standard required by Rule 9. Primarily, these allegations do not identify any specific act done by Defendant JPMorgan other than "the other Defendants conspired to carry out the scheme." This allegation is far too indefinite to give Defendant sufficient factual bases to prepare a proper defense to the allegations, and does not comply with the requirement that plaintiffs differentiate allegations as to each defendant surrounding its participation in the alleged fraud. With regards to the two letters sent to Plaintiff, Plaintiff has not alleged what statements contained in the letters were false and why those statements are untrue. And with regards to the "pattern and practice," of sending fraudulent documents to homeowners, Plaintiff has not alleged any of the circumstances surrounding the alleged fraud, such as the dates the letters were sent, to whom the letters were sent, and who sent the letters on behalf of the Defendants. That the Defendants have sent the letters to "targeted homeowners and rental/business property owners" is too indefinite. These allegations do not put Defendant on sufficient notice to prepare an answer or defense to the racketeering claim.

Further, Plaintiff has not alleged a concrete financial loss. As to harm suffered, the FAC states, "Plaintiff has suffered emotional distress and loss of time (his property), and consequent injury to his business affairs, by reason of the scheme." Doc. 59, p. 49, lines 24-25. As stated in *Berg*, personal injuries are not compensable. *Berg v. First State Ins. Co.*, 915 F.2d at 464.   The alleged harm suffered by Plaintiff is not sufficiently concrete and not necessarily financial. Emotional distress and loss of time are not the type of loss that supports a racketeering claim, and "injury to his business affairs" is unclear and speculative. These losses are not measured by the RICO damages calculation of monies paid out minus any value received.

Plaintiff has failed to plead with proper particularity that a pattern of racketeering occurred and that such activity caused injury to Plaintiff's business or property.  This Cause of Action would not state a claim if leave to amend were granted.  It is therefore stricken.

\\\

1

*3.   Plaintiff's Fifteenth Cause of Action – Fraud, Fraud in the Inducement*

2      To establish a prima facie case for fraud under California law, a plaintiff must show (1) a

3   misrepresentation; (2) knowledge of the falsity; (3) the intent to defraud; (4) justifiable reliance;

4   and (5) resulting damage. *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363, 64 Cal. Rptr.

5   3d 504 (2007). As discussed above, Federal Rule of Civil Procedure 9(b) requires plaintiffs to

6   state with particularity the circumstances constituting fraud. Fed. R. Civ. Proc. 9(b).

7      Plaintiff fails to identify any specific fraudulent acts done by this Defendant and fails to

8   plead with particularity the who, what, when, where, and how of the alleged fraudulent acts.

9   Further, Plaintiff does not allege any facts with regards to the necessary elements of intent to

10   defraud, justifiable reliance, and resulting damage at all. The FAC only concludes that defendant

11   TTDSC changed the legal description on the Notice of Sale, knowing that the description was

12   false. Doc. 59, p. 50, lines 5-12. Plaintiff then states that he lost his primary source of income due

13   to the wrongful foreclosure action. Doc. 59, p. 50, 21-22. The Court is not required to accept as

14   true allegations that are merely conclusory. These allegations are conclusory, are not supported by

15   factual allegations; and hence, are insufficiently pled.

16      Plaintiff alleges a second claim, which he labels his Fifteenth Cause of Action for Fraud in

17   the Inducement. This claim fails for similar reasons. The only allegation against Defendant under

18   this Cause of Action is that it failed to explore means by which Plaintiff could keep his home and

19   investment." Doc. 59, p.51, lines 17-19. The general allegations are that Plaintiff received a

20   "fraudulent loan appraisal." Other than this conclusion that the appraisal was fraudulent, there are

21   no facts alleged to support that the appraisal was false, nor that the appraiser knew it was false and

22   intended to defraud Plaintiff, nor that reliance upon the appraisal caused Plaintiff to suffer

23   damages.  The totality of the allegations do not amount to a sufficiently pled fraud cause of action,

24   nor do they plausibly suggest an entitlement to relief.

25      Hence, this Cause of Action would not state a claim if leave to amend were granted.  It is

26   therefore stricken.

27          E.   Plaintiff's Motion for Leave to Amend

28      The Court reincorporates the "Legal Standard" section of this Order (Sections II.A. and

1    II.B., supra) for the rules governing dismissal and amendments to the pleadings. Plaintiff's Motion

2    for Leave to Amend the Amended Complaint only suggests that as a pro se Plaintiff, he should be

3    given leave to amend. However, as discussed above, the court is not required to accept legal

4    conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn

5    from the facts alleged, or if leave to amend would be futile. The proper test to be applied when

6    determining the legal sufficiency of a proposed amendment is identical to the one used when

7    considering a motion pursuant to Rule 12(b)(6). *Raifman v Wachovia Sec. LLC*, supra, 2012 U.S.

8    Dist. LEXIS 64596, *6-7. The proposed amendment must plausibly suggest entitlement to relief

9    that would survive dismissal. *Id*.

10          Although the Second Amended Complaint ("SAC") is not properly before the Court, it is a

11   direct indication of the feasibility of amendment. The Court will look to the SAC to determine

12   whether leave to amend shall be granted.

13                    *1.  Newly Added Defendants: Christopher Yoo, AlvaradoSmith APC, Jason Joseph*

14                         *Stillman, and WaMu Pass-through Certificates Series 2006-AR-1*

15          Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim

16   showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the

17   claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*,

18   550 U.S. 544; 554, 127 S. Ct. 1955 (2007).  As stated above, the Court should use the Rule

19   12(b)(6) in determining the legal sufficiency of a proposed amendment.

20          Christopher Yoo and Jason Joseph Stillman are alleged to be attorneys doing business in

21   California. Doc. 67, p.4, lines 20-23. No other allegations are made against these defendants. The

22   SAC alleges that AlvaradoSmith APC "commits wrongful acts the same as the four large

23   'foreclosure mill' law firms being criminally investigated by the Colorado Attorney General."

24   Doc. 67, p.4, lines 15-19. No other allegations are made against this defendant. The SAC generally

25   states that attorneys or law firms may be held liable under the FDCPA. *Id*. at p. 3, lines 5-16.

26   However, in the absence of any specific facts alleged against a defendant, Plaintiff has failed to

27   meet the low pleading standard of Rule 8. Added defendants Christopher Yoo, Jason Joseph

28   Stillman, and AlvaradoSmith APC are not alleged to have committed any specific acts for which

1  relief can be granted. It is not clear to the Court, what these potential defendants have done, how

2  they were involved in the underlying foreclosure or subsequent litigation, or how they have

3  harmed Plaintiff. These added defendants are not made aware of the allegations against them.

4  They could not properly answer or prepare a defense, and it would be unfair to subject them to

5  discovery and ongoing litigation.

6         WaMu Pass-through Certificates Series is alleged to be a "securitized trust" "consisting of

7  a segregated pool of assets comprised of Mortgage Loans" and is involved in "many investor

8  RMBS class actions." Doc. 67, p.4, lines 12-14, p. 14, lines 14-15, p.2, lines 19-24.  It is alleged to

9  have owned Plaintiff's mortgage loan and note as of the Closing Date. *Id.* at p. 15, 18-19. These

10  allegations are also insufficient under the pleading standards to include the entity as a defendant.

11  Plaintiff has not presented any factual reason or legal basis to add this defendant. This entity itself

12  is not alleged to have violated Plaintiff's rights or caused Plaintiff harm. Plaintiff has only alleged

13  that it was the owner of Plaintiff's mortgage loan.

14         By reading the SAC and its attachments, it does not appear that any of these four additional

15  defendants are alleged to be liable for any actions or conduct alleged in the SAC. Plaintiff has

16  failed to state a claim upon which relief can be granted against them. Leave to amend the amended

17  complaint to add these four defendants is denied.

18              *2.  Plaintiff's First Cause of Action –Violation of RESPA*

19         Plaintiff was not given leave to amend the original Complaint as to the RESPA cause of

20  action. The Court dismissed the claim stating, "[…] Plaintiff has not shown he has suffered any

21  kind of pecuniary loss resulting from Defendant's failure to respond to him."  Doc. 57, p. 24, lines

22  16-17. The Order further informed the Plaintiff that the RESPA statute allows for "actual

23  damages," and cited *Allen v. United Financial Mortg. Corp.*, 660 F.Supp.2d 1089, in which a

24  RESPA claim was dismissed with prejudice where the plaintiff alleged harm as the loss of his

25  home and attorney's fees but did not directly "show that the alleged RESPA violations caused any

26  kind of pecuniary loss." *Allen v. United Financial Mortg. Corp.*, 660 F.Supp.2d 1089, 1097 (N.D.

27  Cal. 2009); Doc. 57, p. 24, lines 17-24.

28         In the SAC, Plaintiff alleges several violations of RESPA, all in relation to "Defendants"

1  failing to respond to Plaintiff's Qualified Written Request sent to Defendant on or about April 16,

2  2013. Doc. 67, ¶¶ 37, 42-46. With regard to causation and damages Plaintiff alleges, "As a direct

3  and proximate result of defendants' failure to comply with RESPA, as set forth herein, Plaintiff

4  has suffered and continues to suffer damages and costs of suit." Id. at lines 16-17. This statement

5  does not cure the deficiency stated in the Court's previous order.  The SAC does not allege a

6  single fact that speaks to the allegation that Plaintiff suffered damages as a result of any alleged

7  RESPA violation. Plaintiff's statement regarding cause and damages is merely a legal conclusion

8  cast in the form of a factual allegation, which the Court is not required to accept.  The conclusion

9  that Plaintiff was damaged as a result of any alleged RESPA violation cannot be reasonably drawn

10  by the inadequate facts alleged.

11      Plaintiff has failed to state a claim. Amendment would result in immediate dismissal;

12  hence, leave to amend to add this cause of action is denied.

13          *3.  Plaintiff's Second Cause of Action – Violation of the FDCPA*

14      The purpose of the Fair Debt Collection Practices Act ("FDCPA") is to eliminate abusive

15  debt collection practices by debt collectors. 15 U.S.C. § 1692; *Freeman v. ABC Legal Servs., Inc.*,

16  827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011). In order to state a claim under the FDCPA, a

17  plaintiff must show: 1) that he is a consumer; 2) that the debt arises out of a transaction entered

18  into for personal purposes; 3) that the defendant is a debt collector; and 4) that the defendant

19  violated one of the provisions of the FDCPA. *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d

20  at 1071. It is well-settled that the FDCPA's definition of debt collector "does not include the

21  consumer's creditors, a mortgage servicing company, or any assignee of the debt."  *Lal v. Am.*

22  *Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010). In *Kalnoki v. First Am.*

23  *Loanstar Tr. Servs., LLC*, 2013 U.S. Dist. LEXIS 89287, the court found that the plaintiff had not

24  pled the factual content to allow the court to draw a reasonable inference that a defendant bank

25  was a debt collector.  *Kalnoki v. First Am. Loanstar Tr. Servs., LLC*, 2013 U.S. Dist. LEXIS

26  89287, *14, (E.D. Cal. 2013).  The plaintiff in *Kalnoki* had made conclusory allegations about one

27  defendant bank's status, while that defendant bank only referred to itself as "loan servicer[s]." *Id*.

28  The plaintiff had sufficiently pled that the other defendant bank was a "debt collector" but the

1   claim failed because the second bank had not engaged in debt collection practices.  *Id*. at *20. The

2   court explained in *Kalnoki* that a debt collection practice must have occurred for a FDCPA claim

3   to be actionable. *Id*. at *17.  "Although some actions that pertain to foreclosure, such as writing

4   letters to a debtor demanding payment, may constitute debt collection, filing a notice of default or

5   filing a notice of trustee's sale does not amount to debt collection actionable under § 1692e." *Id*. at

6   *19 (citing *Gwin v. Pac. Coast Fin. Servs*., 2010 U.S. Dist. LEXIS 40035, *14-15 (S.D. Cal.

7   2010)). "[N]on judicial foreclosure actions do not constitute 'debt collection activity' under the

8   FDCPA." *Id*. (citing *Williams v. Bank of Am*., 2013 U.S. Dist. LEXIS 65216, *15 (E.D. Cal.

9   2013)).

10          The Rule 9(b) heightened pleading standard will also apply here because "averments of

11   fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct

12   charged." *Vess v. Ciba-Geigy Corp. USA*, *supra*, 317 F.3d at 1106.

13          The SAC does not properly allege that Defendant is a debt collector subject to the

14   provisions of the FDCPA.  It alleges, "[a]ll of the Defendants are debt collectors because they

15   were engaged in attempts to collect loans for the Investors, institutional investors." *Id*. at p. 10,

16   lines 25-26. This allegation is not supported by facts. The SAC does not indicate how each or any

17   defendant attempted to collect loans. Defendant does not refer to itself as a debt collector and the

18   SAC does not allege any specific debt collection activity. The actions alleged in the SAC are

19   related to a non-judicial foreclosure, which was found to not constitute "debt collection activity."

20   Filing notice of default is also not considered "debt collection activity." Without sufficiently

21   alleging that Defendant is a debt collector and that it engaged in debt collection activity, Plaintiff

22   fails to state a claim against Defendant under the FDCPA.

23          The SAC also greatly falls short of the heightened pleading standard as to the alleged

24   violations of the FDCPA. Plaintiff alleges that "the Defendants" "made false, deceptive and

25   misleading representation concerning their standing to foreclose on the plaintiff […]," "falsely

26   represented the status of the debt," and "falsely represented or implied that the debt was owing to

27   defendants."  Doc 67, p. 11, lines 8-15.  These averments of fraud do not indicate who made the

28   false representations, when they were allegedly made, to whom they were allegedly made, or by

15

1   what means. Thus, the allegations are wholly conclusive and do not suggest a plausible

2   entitlement to relief, such that it does not give Defendant fair notice to enable it to prepare its

3   defense, and it would be unfair to require Defendant to be subject to discovery and litigation.

4        Plaintiff has not alleged facts to support the claim that Defendant is a debt collector, that

5   Defendant engaged in debt collection activity, or that Defendant violated the FDCPA.  Allowing

6   amendment would result in an immediate dismissal; hence, leave to amend to add this cause of

7   action is denied.

8               *4.   Plaintiff's Third Cause of Action – Violation of the RFDCPA*

9        The provisions of FDCPA are incorporated in the California's Rosenthal Fair Debt

10  Collection Procedures Act ("RFDCPA") under Cal. Civ. Code § 1788.17.  The RFDCPA

11  "mirrors" the FDCPA.  *Lal v. Am. Home Servicing, Inc*., *supra*, 680 F. Supp. 2d at 1224; Cal. Civ.

12  Code §1788 *et seq*.

13        Plaintiff's third cause of action fails for the same reasons described in the preceding

14  section of this Order. Under this cause of action, Plaintiff does not bring any specific factual

15  allegations, but briefly recites the elements of the cause of action in a conclusory form. Doc 67, p.

16  12, lines 16-22. The Court does not need to accept legal conclusions cast in the form of factual

17  allegations if they cannot reasonably be drawn from the factual allegations. Plaintiff's brief

18  allegations under this cause of action are entirely conclusory without factual allegations to support

19  them, and do not meet the required pleading standard for the averments of fraud. The pleadings do

20  not inform Defendant of the allegations against it such that Defendant would be able to respond in

21  other than a general denial or prepare its defense. The allegations still do not address the

22  requirement that a defendant must be a debt collector engaging in debt collection activities to be

23  liable under the RFDCPA.

24        Plaintiff's third cause of action fails to state a claim on which relief can be granted.

25  Amendment would result in immediate dismissal; hence, leave to amend to add this cause of

26  action is denied.

27  \\\

28  \\\

5.  *Plaintiff's Fourth Cause of Action –Violations of California Business and Professions Code Section 17200*

The California Unfair Competition Law ("UCL") outlaws as unfair competition "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code, § 17200. "In addition to pleading facts sufficient to show that the defendant's acts constituted an unlawful, unfair, or fraudulent business practice, a plaintiff alleging a UCL cause of action must also plead facts sufficient to establish he or she has standing to bring an action under the UCL." *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235, 1253 (Cal. App. 2d. 2009). "A private plaintiff has standing to bring a claim under the UCL only if he or she has suffered injury in fact and has lost money or property as a result of the unfair competition. *Id.* (internal citations omitted).

Plaintiff also does not adequately plead that he has standing to bring a UCL claim as a private plaintiff because he does not allege that he has suffered injury in fact, other than that he has "suffered various damages and injuries according to proof at trial." Doc. 67, p. 13, lines 14-15. Additionally, Plaintiff's fourth cause of action does not set forth any factual allegations, but incorporates the previous allegations of the SAC. Doc. 67, p. 13, lines 8-21. Plaintiff then recites, "Defendants committed unlawful, unfair and/or fraudulent business practices […] by engaging in unlawful, unfair and fraudulent business practices as alleged herein." Doc. 67, p. 13, lines 11-13. These bare allegations make it impossible for Defendant to know the allegations against it such that it could prepare a proper defense.  The SAC does not indicate which acts are allegedly unlawful, unfair or fraudulent. There are also no allegations as to causation of damages or actual damages. Each cause of action requires a short and plain statement of the case pursuant to Rule 8, and averments of fraud require a heightened pleading standard pursuant to Rule 9. Plaintiff's legal conclusions are unsupported by facts, and fails to state a claim on which relief can be granted. Amendment would result in immediate dismissal; hence, leave to amend to add this cause of action is denied.

\\\

\\\

6. *Plaintiff's Fifth Cause of Action –Violation of California Civil Code Section 2924.12(b)*

This cause of action is similar to Plaintiff's cause of action for wrongful foreclosure in the FAC, addressed in Section III.C., supra, and Plaintiff's cause of action for a violation of RESPA, addressed in Section III.E.2., supra, in that it alleges procedural violations related to the foreclosure process. The California Homeowners Bill of Rights creates a private right of action wherein the liable party, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, "shall be liable to a borrower for *actual economic damages* pursuant to Section 3281, *resulting from* a material violation of Section 2923.55 […]." Cal. Civ. Code ¶ 2924.12(b) (emphasis added). To state a claim, Plaintiff must plead "(1) a material violation of one of the enumerated code sections; (2) by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent; (3) that causes actual economic damages." *Rockridge Trust v. Wells Fargo, N.A.*, 2013 U.S. Dist. LEXIS 139606, *87 (N.D. Cal. Sept. 25, 2013). This cause of action fails for want of the first and third prongs.

Plaintiff alleges Defendant violated relevant sections 2923.55, 2923.6, and 2924.17 based on the allegation that the Declaration of Compliance filed with the Notice of Default with the Fresno County Recorder was false. Doc 67, p. 14, lines 2-6; pp. 14-20. Section 2923.5 requires certain requirements to be met before filing a notice of default. Cal. Civ. Code §2923.5. Section 2923.6 requires a mortgage service to act in the best interest of all parties to the loan pool. Cal. Civ. Code §2923.6. Section 2924.17 requires a mortgage servicer to review "competent and reliable evidence to substantiate the borrower's default and the right to foreclose." Cal. Civ. Code §2924.17.

Plaintiff alleges that the Declaration of Compliance is false and fraudulent because the incorrect chain of title appears on it and that the documents were "robo-signed" in bulk. Doc. 67 at p. 16, lines 8-21; p. 20, lines 1-4. These factual allegations, taken as true for the purpose of ruling on this Motion, are insufficient to support allegations of violations of any of the three code sections. Plaintiff also makes general allegations such as "Defendants made, presented, or used fraudulent court records and fraudulent liens to make claims against real property." Doc. 67, p. 17,

18

1   lines 1-9. These general conclusory allegations cannot be reasonably drawn from the facts alleged,

2   especially as it pertains to averments of fraud. Whether an incorrect chain of title appears on the

3   declaration and whether the documents were signed in bulk are not germane to Defendant's duty

4   to notify the borrower of his rights pursuant to Section 2923.55, Defendant's duty to act in the best

5   interest of the parties to the loan pool pursuant to Section 2923.6, or the requirement that

6   Defendant review evidence to substantiate the default and the right to foreclose pursuant to

7   Section 2924.17.  It cannot be inferred through Plaintiff's few allegations that Defendant violated

8   any of the three enumerated code sections.

9          Further, Plaintiff offers no allegation as to how any violation of the code sections caused

10  him harm. A cause of action under Section 2924 also requires a showing of actual economic

11  damages. The SAC alleges "The documents or records filed or caused to be filed by Defendants,

12  [sic] falsely represent Defendants' interest in the real property that is the subject of such

13  instruments, causing damages and injuries to Plaintiff." Doc. 76, p. 20, lines 23-25. Plaintiff must

14  allege actual economic harm to state this claim, but does not demonstrate anywhere in the SAC

15  that he was harmed by Defendant's actions in any specific way. The pleading is insufficient to

16  suggest an entitlement to relief for a violation of Section 2924 without allegations regarding

17  causation and harm. The previous Court order notified Plaintiff of the requirement to plead

18  specific damages for the RESPA claim and other causes of action. Plaintiff has failed to so plead

19  as required in the SAC. Amendment would result in immediate dismissal; hence, leave to amend

20  to add this cause of action is denied.

21         IV.    SERVICE OF DEFENDANT CALIFORNIA RECONVEYANCE COMPANY

22         Plaintiff filed the FAC on October 28, 2013 along with a Certificate of Service indicating

23  service by mail to some Defendants other than Defendant California Reconveyance Company

24  ("CRC"). Doc. 59. Rule 4(m) states, "If a defendant is not served within 120 days after the

25  complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

26  the action without prejudice against that defendant or order that service be made within a specified

27  time." Fed. R. Civ. P. 4(m).

28         One hundred and twenty days from filing the FAC has almost arrived, and Plaintiff has not

filed a proof of service of CRC. Pursuant to Rule 4, the Court directs Plaintiff to produce proof of service of CRC by filing said proof in this Court within thirty days of entry of this Order. Failure to produce proof of service will result in a dismissal without prejudice of CRC.

V.     ORDER

For the foregoing reasons, it is HEREBY ORDERED:

1.   Defendant's Motion to Dismiss is hereby GRANTED without leave to amend as to Plaintiff's Fourth and Eighth Causes of Action.

2.   Plaintiff's First, Second, Third, Fifth, Seventh, Ninth, Tenth, Eleventh, Thirteenth, Fourteenth, and Fifteenth Causes of Action in the Verified Amended Complaint are hereby STRICKEN.

3.   Plaintiff's Motion for Leave to Amend the Amended Complaint is hereby DENIED.

4.   Plaintiff's Second Amended Complaint is hereby STRICKEN.

IT IS SO ORDERED.

Dated:   March 3, 2014        _____

                              SENIOR  DISTRICT  JUDGE