1

2

3

4

5           **UNITED STATES DISTRICT COURT**

6           **EASTERN DISTRICT OF CALIFORNIA**

7

8    JOHN CHARLES HEFLEBOWER,              CASE NO. 1:12-CV-1671-AWI-SMS

9              Plaintiff                   **ORDER RE: DISMISSAL OF**
                                           **DEFENDANTS JPMORGAN CHASE**
10             v.                          **BANK, N.A. AND CALIFORNIA**
                                           **RECONVEYANCE COMPANY**
11   JPMORGAN CHASE BANK, NA; et al,

12             Defendant.

13

14

15

16

17                          **I. INTRODUCTION**

18   Defendant JPMorgan Chase Bank, N.A., ("Defendant") has filed a proposed order seeking

19
     judgment in its favor and dismissal as a party in the above referenced matter.
20

21                          **II. DISCUSSION**

22   *A.  Dismissal of Defendant* - To the extent the Court's order dated March 6, 2014 granting

23   Defendant's Motion to Dismiss Plaintiff's First Amended Complaint[1] without leave to amend,

24   denying Plaintiff's Motion for Leave to Amend, and striking Plaintiff's Second Amended

25   Complaint was unclear or ambiguous, this Court clarifies that Plaintiff's First Amended Complaint

26

27   ---
     [1] The Court ruled on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (referred to by Defendant in
     its motion as the Verified Amended Complaint).  It would be improper here for the Court to dismiss the Second
28   Amended Complaint, as submitted by Defendant in its proposed order, because the Second Amended Complaint was
     stricken by the Court in the order dated March 6, 2014.

1    is dismissed with prejudice, as to Defendant JPMORGAN CHASE BANK, N.A.

2

3    **B.   *Judgment in favor of Defendant*** - Defendant proposes that final judgment be entered in

4    Defendant's favor.  Federal Rules of Civil Procedure 54(b) addresses entry of final judgment on

5    multiple claims or involving multiple parties: "[A]ny order or other decision, however designated,

6    that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties

7    does not end the action as to any of the claims or parties …" Fed. R. Civ. P. 54(b).  In such

8    actions, "the court may direct entry of a final judgment as to one or more, but fewer than all,

9    claims or parties only if the court expressly determines that there is no just reason for delay."  Fed.

10   R. Civ. P. 54(b).  As of the Court's last order regarding this matter, no claims remained against

11   Defendant JPMorgan Chase Bank.  However, a single claim against California Reconveyance

12   Company ("CRC") remained.  As such, the order granting Defendant's Motion to Dismiss did not

13   end the action and an entry of final judgment at that time would have been improper pursuant to

14   Rule 54(b).

15           Entry of final judgment is now appropriate.  The March 6, 2014 order noted an absence of

16   proof of service of Defendant CRC and stated:  "[T]he Court directs Plaintiff to produce proof of

17   service of CRC by filing said proof in this Court within thirty days of entry of this Order.  Failure

18   to produce proof of service will result in a dismissal without prejudice of CRC."  (Doc. 70, 20:1-

19   3.)  As of the date of this order, Plaintiff has not provided proof of service of CRC.  Accordingly,

20   this Court now dismisses Plaintiff's fourth cause of against Defendant CRC without prejudice.  As

21   such, all claims and all parties' rights and liabilities in this matter have been disposed of and an

22   entry of judgment is now proper.

23

24   **C.   *Plaintiff's award against Defendant resulting from the Second Amended Complaint* -**

25   Defendant has proposed the Court adopt the following language in its order: "Plaintiff shall take

26   nothing by their Second Amended Complaint against Defendant."  (Doc. 71, 2-11.)  Plaintiff's

27   Second Amended Complaint was stricken by the Court in the March 6, 2014 order.  To the extent

28   the order was unclear or ambiguous, this Court now clarifies that Plaintiff's Second Amended

1   Complaint is stricken and Plaintiff shall take nothing from the stricken complaint.

2

3   ***D. Defendant's recovery of costs and fees*** – In its proposed order Defendant seeks to "recover its

4   costs and fees." (Doc. 71, 2-13.)   The parties are directed to the Federal Rules of Civil Procedure

5   and the Local Rules of the United States District Court for the Eastern District of California as to

6   the proper procedural methods by which to recover costs and/or fees.  Pursuant to Fed. R. Civ. P.

7   54(d), the Court may consider the issue of attorney's fees upon a procedurally proper motion that

8   includes, at a minimum, the statute, rule or other authority entitling the movant to the award, as

9   well as the amount sought or a fair estimate of it.

10          Local Rule 292 provides the processes by which a party may file a cost bill or file an

11  objection to a cost bill and reads in part:

12          (b) Filing of Cost Bill.  Within fourteen (14) days after entry of judgment or
            order under which costs may be claimed, the prevailing party may serve on
13          all other parties and file with the Clerk a bill of costs conforming to 28
            U.S.C. § 1924. The cost bill shall itemize the costs claimed and shall be
14          supported by a memorandum of costs and an affidavit of counsel that the
            costs claimed are allowable by law, are correctly stated, and were necessarily
15          incurred.
            (c) Objections.  The party against whom costs are claimed may, within seven
16          (7) days from date of service, file specific objections to claimed items with a
            statement of grounds for objection.
17

18          Local Rule 293 provides the process by which a party may move for an award of attorneys'

19  fees, and reads in part:

20          (a) Time for Application.  Motions for awards of attorneys' fees to prevailing
            parties pursuant to statute shall be filed not later than twenty-eight (28) days
21          after entry of final judgment.  Such motions are governed by L.R. 230 for
            notice, opposition, reply, and decision. See also Fed. R. Civ. P. 54(d), 58.
22          (c) Criteria for Award.  In fixing an award of attorneys' fees in those actions
            in which such an award is appropriate, the Court will consider the following
23          criteria:
24                  (1)  the time and labor required of the attorney(s);
                    (2)  the novelty and difficulty of the questions presented;
25                  (3)  the skill required to perform the legal service properly;
                    (4)  the preclusion of other employment by the attorney(s) because of
26          the acceptance of the action;
                    (5)  the customary fee charged in matters of the type involved;
27                  (6)   whether the fee contracted between the attorney and the client is
            fixed or contingent;
28

(7)  any time limitations imposed by the client or the circumstances;

(8)  the amount of money, or the value of the rights involved, and the results obtained;

(9)  the experience, reputation, and ability of the attorney(s);

(10)  the "undesirability" of the action;

(11)  the nature and length of the professional relationship between the attorney and the client;

(12)  awards in similar actions; and

(13)  such other matters as the Court may deem appropriate under the circumstances.

Defendant has not complied with procedures set forth by Local Rule 292 or Local Rule 293. Accordingly, Defendant will not be granted fees or costs at this time.

### III. ORDER

For the foregoing reasons, it is **HEREBY ORDERED** that:

1.  Plaintiff's First Amended Complaint is **DISMISSED** with prejudice as to JPMorgan Chase Bank, NA;

2.  Plaintiff's Second Amended Complaint is **STRICKEN**;

3.  Judgment is entered in favor of Defendant JPMorgan Chase Bank, NA; and

4.  The Court will not award costs and fees at this time to Defendant JPMorgan Chase Bank, N.A.

IT IS SO ORDERED.

Dated:   April 14, 2014     _____

                            SENIOR  DISTRICT  JUDGE