FILED

AUG 31 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHARLES HEFLEBOWER, | 1:12-cv-1671-AWI-SMS |
| Plaintiff, | **ORDER RELEASING TEMPORARY RESTRAINING ORDER BOND AND PRELIMINARY INJUNCTION BOND** |
| v. | |
| JPMORGAN CHASE BANK, NA, et al., | |
| Defendants. | |

On November 9, 2012, this Court issued a temporary restraining order restraining Defendants JPMorgan Chase Bank, NA, ("JPMorgan") Chase Home Finance LLC, ("CHF") Washington Mutual Bank FA, ("WAMU") and Title Trust Deed Service Co. ("Title Trust") from conducting a trustee sale, then set for November 13, 2012, based on the Court's preliminary determination that Defendants had failed to comply with the notice requirements of California's non-judicial foreclosure system. Doc. 5. As part of that Order, the Court required Plaintiff to post a $1,500.00 bond "to protect Defendants from any damages that might be sustained as a result of the temporary restraining order." *Id.* at 5. Plaintiff did so. Thereafter, the Court issued a preliminary injunction and required that the $1,500.00 bond be applied forward toward the insure payment reasonable rent for the property and the attorneys' fees and costs likely to be incurred in defending the action. *See* Doc. 15 at 7. The bond was to be released to Defendants in the event that the injunction was determined to be wrongfully issued and if Defendants made a showing of that they suffered an uncompensated injury. *Id.* The Court also noted that the Defendants'

1

interests were protected by the deed of trust and the proceeds of any appropriate trustee's sale to be conducted after proper notice was given. *Id.*

It was ultimately determined the Plaintiff was not entitled to the permanent injunctive relief that he sought. Docs. 72, 73. However, over a year has passed since the closure of this case and Defendants have not moved for release of the security bond and have never made a showing to the Court that the amount recovered from the ultimate trustee's sale was inadequate to fully compensate the Defendants. Given the passage of time, the Court finds it appropriate to order the disbursement of the $1,500.00, plus any interest that has accrued, to Plaintiff.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall release the $1,500.00 bond, plus all interest accrued, to:

> John C. Heflebower c/o MacDuff Westfall Collins
> 600 West Broad Way, Suite 700
> San Diego, CA 92101

IT IS SO ORDERED.

_____    8-31-15
Anthony W. Ishii, Senior District Judge     Date